OPINION
In 1989, appellee and appellants owned separate convenience/grocery stores. At some point, the parties decided to jointly open a convenience store on Nebraska Avenue in Toledo. Equity in the Nebraska Avenue store would be shared equally: half to appellants, half to appellee. During the summer of 1989, all parties worked to prepare the Nebraska Avenue store for opening.
In July 1989, appellee purchased three vacant lots on Cherry Street for $25,300. He intended to construct a convenience store there. Appellants claimed that appellee offered to let them share in the Cherry Street venture, and on July 24, 1989, they wrote a check to appellee for $12,650. On the check's memorandum line was written "[t]o purchase property on Cherry Street."
After July 1989, but before November of that year, appellee sought to disentangle himself from the Nebraska Avenue enterprise. He requested that appellants buy him out for the amount he had invested in the Nebraska Avenue project plus $25,000. The buy out was not completed, as the Nebraska Avenue store, still unopened, was destroyed by fire on November 6, 1989. Litigation followed over the insurance proceeds for the Nebraska project.
In the meantime, appellants, according to their deposition testimony, continued to press appellee to add their names to the Cherry Street deeds. Nevertheless, these efforts were unsuccessful. Appellee, in his deposition testimony, suggested that the money appellants ostensibly gave him for the Cherry Street property was used to set off the money he was due from the Nebraska Avenue enterprise. Appellee did not testify as to when he determined to use the monies as a set-off or when he notified appellants of this intention.
However, appellants testified that appellee did not actually refuse to honor his Cherry Street commitment until the Winter of 1992-1993. According to appellants, the parties met during that time in appellee's home to settle the matter. The meeting ended when appellants were "kicked out."
On November 18, 1996, appellants brought suit against appellee alleging fraud and a breach of fiduciary duty, breach of an oral contract, conversion, and breach of quasi contract (quantum meruit) regarding the $12,650. Following discovery, appellee moved for summary judgment arguing that all of appellants' claims were barred by statutes of limitations. The trial court, applying a four year statute of limitations for the breach of fiduciary duty and conversion counts and a six year statute for the breach of oral contract and quantum meruit counts, granted appellee's motion in its entirety.[1]
Appellants appealed, limiting their assignments of error to the statute of limitations applicable to quantum meruit and breach of oral contract. At oral argument, appellants conceded that the breach of oral contract claim involved a piece of property not properly part of the appeal. Accordingly, we shall limit our discussion to the quantum meruit claim and appellants' second assignment of error is withdrawn.
On review, appellate courts employ the same standard for summary judgment as trial courts. Lorain Natl. Bank v. SaratogaApts. (1989), 61 Ohio App.3d 127, 129. The motion may be granted only when it is demonstrated:
 "* * * (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 67, Civ.R. 56(E).
When seeking summary judgment, a party must specifically delineate the basis upon which the motion is brought, Mitseff v.Wheeler (1988), 38 Ohio St.3d 112, syllabus, and identify those portions of the record that demonstrate the absence of a genuine issue of material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280,293. When a properly supported motion for summary judgment is made, an adverse party may not rest on mere allegations or denials in the pleading, but must respond with specific facts showing that there is a genuine issue of material fact. Civ.R. 56(E); Riley v. Montgomery (1984), 11 Ohio St.3d 75, 79. A "material" fact is one which would affect the outcome of the suit under the applicable substantive law. Needham v. Provident Bank
(1996), 110 Ohio App.3d 817, 826, citing Anderson v. LibertyLobby, Inc. (1986), 477 U.S. 242, 248.
The trial court properly applied the six year statute of limitations contained in R.C. 2503.07 to the quasi contract claim. See Hambleton v. R.G. Barry Corp. (1984), 12 Ohio St.3d 179, 182. At issue is when the cause of action accrued for purposes of applying the limit.
The trial court concluded that appellants knew early on that appellee had no intention of performing. The court cited to appellants' deposition testimony. The testimony showed that within days of delivering the check appellants pressed appellee for paperwork on the purchase and to have their names added to the deed, but as the trial court characterized it, they "* * * were repeatedly put off by [appellee]." This, concluded the trial court, meant that the statute began to run shortly after July 24, 1989, more than seven years before appellants brought suit.
However, appellants' testimony that appellee repeatedly deflected their requests is unrefuted. In fact, a reasonable inference which could be drawn from appellee's deposition testimony is that at some point he unilaterally chose to apply the money appellants gave him for the Cherry Street project to the money he believed he was due from the Nebraska Avenue project. Appellee never testified as to when he determined to do this or when he notified appellants of his decision. Moreover, appellants' unrefuted testimony is that not until their meeting at appellee's home in the Winter of 1992-1993 did they become convinced that appellee would not honor his word with respect to the Cherry Street enterprise.
While one could argue that it was unrealistic for appellants to cling for three years to the hope that appellee would honor his word, this is an issue we need not reach. With a six year statute of limitations, appellants need only have reasonably believed in the deal until November 1990 — less than a year and a half after they gave appellee the check for the Cherry Street enterprise. Parties to an agreement are certainly entitled to some period within which to perform. In our view, an eighteen month performance delay in this case is not unreasonable, given the assurances appellants claim they received from appellee during this time. Consequently, we conclude that appellants' quantum merit claim was not barred by the statute of limitations.
Accordingly, appellants' first assignment of error is found well-taken.
Upon consideration whereof, the judgment of the Lucas County Court of Common Pleas is reversed. This matter is remanded to said court for further proceedings consistent with this opinion. Costs to appellee.
JUDGMENT REVERSED.
 Peter M. Handwork, P.J.
 Melvin L. Resnick, J.
 James R. Sherck, J.
CONCUR.
[1] In the grant of summary judgment, the trial court also ruled against appellants' claim for an equitable lien on the ground that appellants never briefed the issue. An equitable lien is a remedy rather than a cause of action, see Calahan v. Babcock
(1891), 21 Ohio St. 281, and, is, therefore, pendant to the resolution of the other claims.