DECISION AND JUDGMENT ENTRY
This appeal comes to us from an order of the Lucas County Court of Common Pleas granting summary judgment in favor of a hospital in a negligence suit. Because we conclude that the trial court erred when it ruled that plaintiff's proof concerning the standard of care was insufficient, we reverse.
On January 25, 1998, appellant, Loretta LaCourse,[1] suffered a stroke which left her hemiplegic on her left side. To promote appellant's recovery from this event, her physician admitted her into a rehabilitation unit operated by appellee, Flower Hospital. According to appellant, by February 17, 1998, following daily therapy sessions, she was beginning to use a walker, but could not yet lift her left arm unassisted. Her equilibrium remained uncertain.
Accounts of what occurred on February 17, 1998, are totally inconsistent. That day, according to appellant, her occupational therapist, Jamie Bleakly, assisted her in getting out of bed and donning a "safety" belt. Appellant reported that the therapist helped her use a walker to get to a bathroom sink to begin her grooming routine. While appellant was at the sink, Bleakly left appellant alone and went into a bedroom some 18 feet away. When appellant turned to see where the therapist had gone, appellant lost her balance and fell. She sustained painful injuries which required two subsequent surgeries.
Bleakly's account of the event is succinct. According to the occupational therapist, "I was assisting Loretta LaCourse, a large woman, at the bathroom sink when she lost her balance. I eased her, via gait belt, to the floor."
Appellant sued appellee and its agents[2] for negligence. Appellee denied liability and moved for summary judgment. Appellee specifically challenged appellant to come forward with expert testimony that it or its agents breached its duty to appellant. In response, appellant submitted the affidavit of orthopedic surgeon David J. Sullivan, M.D., who opined that there was a causal relationship between appellant's fall and her surgeries and that it would be negligent for an attendant to allow a patient under his or her supervision to fall.
The trial court, nevertheless, ruled that Dr. Sullivan was not qualified to offer expert opinion on the standard of care of an occupational therapist. Consequently, the court concluded that appellant had failed in her duty to come forth with expert testimony to substantiate the medical claim. The court then granted appellee's summary judgment motion. From this judgment, appellant now brings this appeal, setting forth the following two assignments of error:
"Assignment of error No. I.
 "The trial court committed reversible error in granting defendant's motion for summary judgment because of each, and all of the following factors: 1. Dr. Sullivan's affidavit and deposition established that due to Mrs. LaCourse's post-stroke paralyzed condition of left leg `paraparesis hemilaterally', the hospital was under a duty to monitor her closely, and for defendant therapist Bleakley to walk away from Mrs. LaCourse, so that the therapist could not prevent Mrs. LaCourse from failing was a breach of the hospital's duty of reasonable care under all the circumstances; and also 2. all reasonable jurors know as a matter of common knowledge that a person paralyzed as Mrs. LaCourse then was should be monitored closely, and that the attendant therapist should not have been so far away that the therapist could not prevent her fall, such being obviously a breach of the duty of ordinary care by the hospital.
"Assignment of error No. II.
 "The trial court committed reversible error in not allow plaintiff a one week extension to require defendant to produce the hospital's written standard of care for therapists, including occupational therapists, and to take deposition of Dr. Sigman, rehabilitation director of flower hospital and defendant Bleakley, when the extension would not have delayed more than a week, and where there were more than 2 months left before the trial, which had not been continued any before and the case was about 1 year old."
On review, appellate courts employ the same standard for summary judgment as trial courts. Lorain Natl. Bank v. Saratoga Apts. (1989),61 Ohio App.3d 127, 129. The motion may be granted only when it is demonstrated "* * * (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 67, Civ.R. 56(C).
When seeking summary judgment, a party must specifically delineate the basis upon which the motion is brought, Mitseff v. Wheeler (1988),38 Ohio St.3d 112, syllabus, and identify those portions of the record that demonstrate the absence of a genuine issue of material fact.Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. When a properly supported motion for summary judgment is made, an adverse party may not rest on mere allegations or denials in the pleading, but must respond with specific facts showing that there is a genuine issue of material fact. Civ.R. 56(E); Riley v. Montgomery (1984), 11 Ohio St.3d 75, 79. A "material" fact is one which would affect the outcome of the suit under the applicable substantive law. Russell v. Interim Personnel, Inc. (1999), 135 Ohio App.3d 301, 304; Needham v. Provident Bank (1996),110 Ohio App.3d 817, 826, citing Anderson v. Liberty Lobby, Inc. (1986),477 U.S. 242, 248.
There is no doubt that there is a great factual dispute between appellant's account of her fall and that provided by her occupational therapist. For summary judgment purposes, we must accept appellant's report as true.
The question of law at issue is whether appellant presented competent evidence of an occupational therapist's standard of care so that a question of fact exists as to its breach. The trial court found that, "[i]n order to prevail in a medical malpractice action one must present expert testimony." The trial court further found that not only was this expert testimony necessary, but that it must be specific to the duty of an occupational therapist to his or her patient. Consequently, the court concluded that the testimony of orthopedic surgeon Dr. Sullivan as to the general duty of care a hospital employee owes to a patient is insufficient to satisfy appellant's burden in this regard. We disagree.
The trial court's decision is flawed in its premise. For the proposition that expert testimony is necessary to establish a standard of care in all medical malpractice cases, the court cites Ramage v. CentralOhio Emergency Serv., Inc. (1992), 64 Ohio St.3d 97. However, Ramage
dealt with the professional skill and judgment of a nurse, and even then states, "[u]nless a matter is within the comprehension of a layperson, expert testimony is necessary." Id. at 102. This is the "common knowledge" exception which provides that, "* * * matters of common knowledge and experience, subjects which are within the ordinary, common and general knowledge and experience of mankind, need not be established by expert testimony." Id. at 103, citing Johnson v. Grant Hosp. (1972),31 Ohio App.2d 118, 124-125, reversed on other grounds (1972),32 Ohio St.2d 169; see, also, Bruni v. Tatsumi (1976), 46 Ohio St.2d 127,130.
The question is: Does a caretaker charged with the safety of a 70 year old, 270 pound woman who is paralyzed on her left side violate the caretaker's duty of care when he or she positions the patient supported wholly by a walker and leaves the room? The conduct at issue has repeatedly been held to be, "* * * clearly within the common knowledge and experience of jurors, not requiring knowledge beyond the kin of the layperson, and, as such, expert testimony is not required." Dimora v.Cleveland Clinic Found. (1996), 114 Ohio App.3d 711, 718 (patient left unattended in a walker while student nurse opened a door); see, also,Jones v. Hawkes Hosp. of Mt. Carmel (1964), 175 Ohio St. 503, paragraph one of the syllabus (sedated patent fell from bed when left unattended); and Burks v. Christ Hosp. (1969), 19 Ohio St.2d 128, 131 (sedated obese person fell from hospital bed).
We find nothing in this case to materially distinguish it from Dimora
or Jones or Burks. Consequently, we must conclude that the events at issue here are within the common knowledge of the ordinary person and, as such, do not require expert testimony to establish any specific duty or standard of care. Since a factual question exists as to the events of February 17, 1998, summary judgment in this matter is not appropriate. Accordingly, to the extent that appellant complains that the issuance of a summary judgment against her was erroneous, her first assignment of error is well taken.
Appellant's second assignment of error is somewhat convoluted. If it is not moot by virtue of our decision on her first assignment of error, it is not well taken as it appears the decision of which appellant complains was within the court's discretion.
On consideration whereof, the judgment of the Lucas County Court of Common Pleas is reversed. This matter is remanded to said court for further proceedings consistent with this decision. Appellant's post argument motion to supplement the record is not well taken. See App.R. 9. Costs to appellee, Flower Hospital.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., James R. Sherck, J., and Mark L. Pietrykowski,P.J., CONCUR.
[1] Loretta LaCourse's husband, Robert, is also an appellant herein by virtue of his loss of consortium claim. For purposes of this decision, we shall refer to appellant Loretta LaCourse in the singular.
[2] Named were a John Doe and Jane Doe upon whom service was never had. This matter is before the court pursuant to Civ.R. 54(B).