DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a summary judgment issued by the Lucas County Court of Common Pleas in a wrongful death suit. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} On July 8, 2001, at approximately 9:45 p.m., 79 year old Walter Drozdowicz was crossing a bridge to Toledo's east side when he lost control of the car he was driving, struck another car, then a utility pole. Marietta Gardner was a passenger in Drozdowicz's car. At the scene, Gardner told police that before the crash Drozdowicz grasped his chest, "* * * then went off the side of the road."
 {¶ 3} Drozdowicz and Gardner were both transported to a nearby hospital where Drozdowicz was pronounced dead shortly thereafter. While Gardner's injuries were not considered life threatening at the time, she died 11 days later from injuries sustained in the accident.
 {¶ 4} On July 9, 2001, an autopsy was performed on Drozdowicz. The deputy coroner who conducted the autopsy concluded that Drozdowicz died of arteriosclerotic cardiovascular disease. In subsequent affidavits and deposition testimony, the deputy coroner testified that Drozdowicz's death was due to a cardiovascular event prior to the crash. She reached this conclusion based on her autopsy finding that there was no other injury which might have been fatal and the witness account described Drozdowicz grasping his chest prior to losing control of the automobile.
 {¶ 5} On July 16, 2002, the co-executors of Gardner's estate, appellants Glen and Dennis Gardner, initiated a wrongful death and survivorship action against Drozdowicz's estate. Appellee, Martin Scott Drozdowicz, on behalf of the estate, responded to appellants' complaint by denying liability. Following discovery, appellee moved for summary judgment, arguing that Drozdowicz was not negligent due to the intervention of an unforeseen medical emergency. In support of his motion, appellee submitted the deposition of the investigating officer and affidavits and testimony of the deputy coroner, who had concluded Drozdowicz had a heart attack which caused him to lose control of his automobile.
 {¶ 6} Appellants responded with a motion to strike the deputy coroner's conclusion, because of its reliance on a hearsay statement made by Gardner. The trial court overruled appellants' motion and granted summary judgment to appellee. Appellants now appeal, setting forth the following assignments of error:
 {¶ 7} "I. The trial court's grant of appellee's summary judgment motion was in error since the out-of-court statements of appellants-plaintiffs' decedent following a motor vehicle collision are not admissible under the excited utterance exception to hearsay.
 {¶ 8} "II. The trial court's grant of appellee's summary judgment motion was in error since sudden medical emergency is not a defense to negligence per se."
 {¶ 9} On review, appellate courts employ the same standard for summary judgment as trial courts. Lorain Natl. Bank v.Saratoga Apts. (1989), 61 Ohio App.3d 127, 129. The motion may be granted only when it is demonstrated: "* * * (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64, 67, Civ.R. 56(C). When seeking summary judgment, a party must specifically delineate the basis upon which the motion is brought, Mitseff v. Wheeler
(1988), 38 Ohio St.3d 112, syllabus, and identify those portions of the record that demonstrate the absence of a genuine issue of material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. When a properly supported motion for summary judgment is made, an adverse party may not rest on mere allegations or denials in the pleading, but must respond with specific facts showing that there is a genuine issue of material fact. Civ.R. 56(E); Riley v.Montgomery (1984), 11 Ohio St.3d 75, 79. A "material" fact is one which would affect the outcome of the suit under the applicable substantive law. Russell v. Interim Personnel,Inc. (1999), 135 Ohio App.3d 301, 304; Needham v. ProvidentBank (1996), 110 Ohio App.3d 817, 826, citing Anderson v.Liberty Lobby, Inc. (1986), 477 U.S. 242, 248.
 I. {¶ 10} We review appellants' second assignment of error first. Appellants assert that sudden medical emergency is not a defense to negligence per se.
 {¶ 11} When the driver of an automobile is suddenly stricken by a period of unconsciousness, which he has no reason to anticipate and which renders it impossible for him to control his automobile, he is not liable for negligence as to such lack of control. Roman v. Estate of Gobbo, 99 Ohio St.3d 260, 272,2003-Ohio-3655 at ¶ 56, citing Lehman v. Haynam (1956),164 Ohio St. 595, 599. Additionally, a defendant who is suddenly and unforeseeably incapacitated while driving, as a result of a heart attack or seizure, is not in violation of the reasonable person standard and not liable for the harm caused. 2 Restatement of the Law 2d, Torts (1965) 18, Section 283C, comment c. The burden is upon defendant to prove his defense of sudden, unforeseen unconsciousness. Roman v. Estate of Gobbo at 273, at ¶ 57, citing Lehman v. Haynam at 601.
 {¶ 12} Accordingly, appellants' second assignment of error is found not well-taken.
 II. {¶ 13} We next consider appellants' first assignment of error. Appellants contend the trial court erred when it allowed Gardner's statements to police as a predicate to the coroner's findings.
 {¶ 14} The coroner has an official duty to determine cause of death, R.C. 313.06, and may inquire as to how the deceased came to his or her death through an investigation of all surrounding circumstances. Ohio v. Goshay (Nov. 18, 1993), 8th Dist. No. 63902, citing Vargo v. Travelers Ins. Co., Inc. (1987),34 Ohio St.3d 27, 30.
 {¶ 15} In this matter, the coroner's conclusion that Drozdowicz's heart attack preceded his loss of control is based on Gardner's statement to an investigating officer that Drozdowicz clutched his chest, gasped for air, then slumped over the steering wheel, causing the car to veer out of its lane. Appellants maintain that Gardner's statement is hearsay, inadmissible as evidence, and, therefore, insufficient to support the coroner's determination that Drozdowicz's heart attack caused the collision, rather than that the collision caused the heart attack.
 {¶ 16} Hearsay is an out of court statement offered to prove the truth of the matter asserted. Evid.R. 801(C). Subject to certain exceptions, hearsay is inadmissible. Evid.R. 802. One of these exceptions is when the declarant's statement is an excited utterance. Evid.R. 803(2).
 {¶ 17} An excited utterance is a statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition. Testimony as to a statement or declaration may be admissible under an exception to the hearsay rule for spontaneous exclamations where the court reasonably finds: (a) that there was some occurrence startling enough to produce a nervous excitement in the declarant; (b) that the statement or declaration was made before there had been time for such nervous excitement to lose dominion over his reflective faculties; (c) that the statement or declaration related to such startling occurrence or the circumstances of such startling occurrence; and (d) that the declarant had an opportunity to observe personally the matters asserted in his statement or declaration. Potter v. Baker
(1955), 162 Ohio St. 488, 500.
 {¶ 18} Gardner was a passenger in the automobile which had just crashed into the utility pole: certainly a startling occurrence. According to the unrefuted deposition testimony of the investigating officer, Gardner spoke of Drozdowicz's apparent heart attack almost immediately upon police arrival at the scene. Time alone is not the test, see State v. Huertas (1990), 51 Ohio St.3d 22, 27-28; State v. Duncan (1978) 53 Ohio St.2d 215, 219. The question, rather, is whether or not sufficient time has passed that nervous excitement has been replaced by reflective reasoning. Potter at paragraph two of the syllabus. Was the declarant speaking without having the opportunity to formulate her thoughts? Has the declarant had time to allow her to deliberatively formulate an untrue statement or to have been influenced by someone else so that the statement is not her own perception? Each statement must be evaluated on its own, based on the particular facts and circumstances existing at the time of statement. State v. Duncan supra.
 {¶ 19} Here, the investigating officer stated that Gardner would not stay in the police car after being placed there. She was yelling and screaming about her need for her purse and continued to yell about her purse, even after she was taken to the hospital. The officer used the words "she was in a crisis for her purse." Further, the officer stated that Gardner did not even ask about Mr. Drozdowicz. These actions certainly could be interpreted to mean that Gardner was not acting rationally, logically or as a result of reflective thought. Moreover, the statement made to the officer related to the accident. Upon this unrefuted testimony, the trial court could certainly have reasonably concluded that Gardner's statement was an excited utterance, proper for consideration by the coroner in the determination of the timing of Drozdowicz's death. Accordingly, appellants' first assignment of error is not well-taken.
 {¶ 20} On consideration, the judgment of the Lucas County Court of Common Pleas is affirmed. Pursuant to App.R. 24, costs are assessed to appellants.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, P.J., Pietrykowski, J., Singer, J., Concur.