DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from an order of the Ottawa County Court of Common Pleas, granting summary judgment to defendants in a property dispute. Because we conclude that the trial court did not err in granting summary judgment or in its award of damages, we affirm.
 {¶ 2} Appellee, Krista L. Carpenter, is owner of the Golden Eye Campground. The campground is situated on approximately 21 acres in Bay Township of Ottawa County, Ohio. On or before June 8, 2001, appellants, Thomas and Beverly Wendling, contracted with appellee to purchase Golden Eye Campground.
 {¶ 3} The parties agreed to a purchase price of $250,000, comprised of $26,000 "earnest money," $24,000 cash at closing, and $200,000 conventional financing. Closing was to be no later than June 3, 2002. Under the terms of the purchase agreement, if appellants were unwilling or unable to close by that date, the earnest money would be forfeited.
 {¶ 4} Concurrent with the purchase agreement, the parties executed an "Agreement to Manage Real Property." Under this agreement, appellee contracted with appellants to operate the campground for a one year period. During this time, appellants were to keep all revenues generated by the business. Appellants agreed to pay to appellee $2,850 per month from July through October and $1,000 per month during all other months. Appellee agreed to keep current taxes, insurance and the mortgage on the property.
 {¶ 5} At the end of the one-year period, appellants had apparently been unable to obtain financing. On October 30, 2002, the parties, in writing, extended the terms of the purchase agreement for one year. The extension agreement itself was later extended for another year. The management agreement was continued verbally.
 {¶ 6} On September 3, 2003, appellants sued appellee, alleging that appellee had breached her duty to pay the mortgage, real estate taxes and insurance on the property. Appellants sought return of all monies paid by them to appellee. They additionally sought a quiet title to the property, premised on appellee's breach of the parties' "installment purchase agreement."
 {¶ 7} Appellee answered appellants' complaint, denying the allegations and raising a counterclaim of appellants' breach of the management agreement. Appellee sought damages and a declaration voiding the purchase agreement. Concurrent with her answer, appellee notified appellants that she was terminating the management agreement and ordering them to vacate the premises within 30 days. Appellee later averred that appellants did not vacate the premises, but continued to live there and collect rent from tenants.
 {¶ 8} On March 24, 2004, appellee moved for summary judgment, arguing that by the plain terms of the purchase contract and the management agreement, appellants were not entitled to a return of the earnest money and were not entitled to installment payment credit from the amounts paid to appellee under the management agreement. Moreover, appellee asserted that she was not in breach of the management contract because she had the right to cure any breach on appellants' tender of performance on the purchase agreement. Since appellants never notified appellee of an ability or willingness to perform on the purchase agreement, appellee insisted that any breach was immaterial.
 {¶ 9} The trial court granted summary judgment to appellee and, following a hearing, awarded her damages in the amount of $13,350. From this judgment, appellants now bring this appeal, setting forth the following five assignments of error:
 {¶ 10} "1. The trial court erred in denying Appellants' request for an enlargement of time to respond to Appellee Krista L. Carpenter's (hereinafter `Appellee Krista') Motion for Summary Judgment for the purpose of completing discovery.
 {¶ 11} "2. The trial court erred in granting Appellee Krista's Motion for Summary Judgment when the trial court mistakenly did not consider the Admissions of Fact previously filed by the Appellants.
 {¶ 12} "3. The trial court erred in denying Appellants' Motion for Relief from Judgment when the transcript of the deposition of Appellee Krista demonstrated that Appellee Krista had no direct knowledge of the matters to which she averred in her affidavit filed in support of her Motion for Summary Judgment, wherefore there was no evidence provided by Appellee Krista to support her said motion.
 {¶ 13} "4. The trial court erred in awarding damages against Appellants on Appellee Krista's counterclaim for both the amount of monthly payments that would have become due if the agreement between Appellants and Appellee had remained in effect, and for the customer funds received by Appellants as if the agreement between Appellants and Appellee was no longer in effect, and without regard for the expenses incurred by the Appellants in maintaining the property.
 {¶ 14} "5. The trial court's decision to dismiss Appellants' complaint `in its entirety' is against the manifest weight of the evidence, as there was no evidence contra Appellants' complaint offered by Appellee Krista, and the Admissions of Fact filed by Appellants affirmatively demonstrated that Appellee Krista had failed to perform her obligations under the agreements between the parties."
 {¶ 15} On review, appellate courts employ the same standard for summary judgment as trial courts. Lorain Natl. Bank v. Saratoga Apts.
(1989), 61 Ohio App.3d 127, 129. The motion may be granted only when it is demonstrated:
 {¶ 16} "* * * (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." Harless v. Willis Day Warehousing Co.
(1978), 54 Ohio St.2d 64, 67, Civ. R. 56(C).
 {¶ 17} When seeking summary judgment, a party must specifically delineate the basis upon which the motion is brought, Mitseff v. Wheeler
(1988), 38 Ohio St.3d 112, syllabus, and identify those portions of the record that demonstrate the absence of a genuine issue of material fact.Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. When a properly supported motion for summary judgment is made, an adverse party may not rest on mere allegations or denials in the pleading, but must respond with specific facts showing that there is a genuine issue of material fact. Civ. R. 56(E); Riley v. Montgomery (1984), 11 Ohio St.3d 75, 79. A "material" fact is one which would affect the outcome of the suit under the applicable substantive law. Russell v. Interim Personnel, Inc.
(1999), 135 Ohio App.3d 301, 304; Needham v. Provident Bank (1996),110 Ohio App.3d 817, 826, citing Anderson v. Liberty Lobby, Inc.
(1986), 477 U.S. 242, 248.
 I. Contract {¶ 18} In their first three assignments of error, appellants complain of certain procedural disadvantages they assert were visited upon them by the trial court: they should have been given more time for discovery; the court should have considered appellants' response to a request for admissions; appellee was not competent to aver certain facts in her supporting affidavit.
 {¶ 19} Both the principal suit and the counterclaim are contract actions. To prove a breach of contract, the plaintiff must prove the existence of a contract, performance by the plaintiff, breach by the defendant and damages or loss as the result of the breach. Doner v.Snapp (1994), 98 Ohio App.3d 597, 600.
 {¶ 20} The trial court properly found, as a matter of law, that these were three separate contracts; not, as appellants alleged, an installment land contract pursuant to R.C. Chapter 5313. R.C. 5313.02(A) states the minimum contents of a land installment contract:
 {¶ 21} "(A) Every land installment contract * * * shall contain at least the following provisions:
 {¶ 22} "(1) The full names and then current mailing addresses of all the parties to the contract;
 {¶ 23} "(2) The date when the contract was signed by each party;
 {¶ 24} "(3) A legal description of the property conveyed;
 {¶ 25} "(4) The contract price of the property conveyed;
 {¶ 26} "(5) Any charges or fees for services that are includable in the contract separate from the contract price;
 {¶ 27} "(6) The amount of the vendee's down payment;
 {¶ 28} "(7) The principal balance owed, * * *
 {¶ 29} "(8) The amount and due date of each installment payment;
 {¶ 30} "(9) The interest rate on the unpaid balance and the method of computing the rate;
 {¶ 31} "(10) A statement of any encumbrances against the property conveyed;
 {¶ 32} "(11) A statement requiring the vendor to deliver a general warranty deed on completion of the contract, or another deed that is available when the vendor is legally unable to deliver a general warranty deed;
 {¶ 33} "(12) A provision that the vendor provide evidence of title in accordance with the prevailing custom in the area in which the property is located;
 {¶ 34} "(13) A provision that, if the vendor defaults on any mortgage on the property, the vendee can pay on that mortgage and receive credit on the land installment contract;
 {¶ 35} "(14) A provision that the vendor shall cause a copy of the contract to be recorded;
 {¶ 36} "(15) A requirement that the vendee be responsible for the payment of taxes, assessments, and other charges against the property from the date of the contract, unless agreed to the contrary;
 {¶ 37} "(16) A statement of any pending order of any public agency against the property."
 {¶ 38} In this matter, neither contract at issue has any of the requisite R.C. 5313.02(A) contents beyond item (4). Neither of the agreements states that any of the payments are to be credited toward the purchase of the land, nor is there any suggestion that any payment is intended to be an installment payment. Indeed, as appellee pointed out in her summary judgment motion, the management agreement expressly states that the monthly payments are to be remitted to the owner, "* * * for the benefit of the owner." Moreover, appellants submitted no evidence, by affidavit or otherwise, that the parties intended the agreements to be a land installment contract.
 {¶ 39} Remaining are the separate agreements: the purchase contract, the agreement to manage real property, and the extension of the purchase agreement. The only allegation of breach of any of these contracts is that appellee failed to timely pay mortgage payments, property tax, and insurance premiums for the campground. These are duties clearly delineated in the management agreement. Appellee concedes that she did not perform these obligations, but insists that she had the right to cure these omissions before closing on the sale. Appellee argued that she was never required to cure these breaches, because appellants never indicated an ability or willingness to complete the sale.
 {¶ 40} Trial courts have broad discretion in regulating the discovery process. State ex rel. Daggett v. Gessaman (1973), 34 Ohio St. 2d 55, 57. Matters within a court's discretion will not be disturbed on appeal absent an abuse of that discretion. An abuse of discretion is more than an error of judgment or a mistake of law, the term connotes that the court's attitude is arbitrary, unreasonable or unconscionable. Berk v.Matthews (1990), 53 Ohio St.3d 161, 168-169.
 {¶ 41} Here, the only breach alleged is to the management contract. Appellee concedes the breach, but, blending the separate agreements together, maintains that she had the right to cure prior to closing on the sale. We need not resolve that particular issue.
 {¶ 42} There is no dispute that there was a contract. There is no argument, at least in terms of the principal claim, that appellants performed on that contract and appellee concedes a breach. The only element remaining at issue is damages which, given the present facts, seems to be uniquely within the knowledge of appellants.
 {¶ 43} Appellants never articulated to the trial court a reason for extending the response time to appellee's summary judgment motion. Since all of the elements of the cause of action are conceded except for damages, it follows logically that appellants could come forward with proof of damages or explain why more discovery was required. Neither proof nor explanation was forthcoming, consequently, the trial court was within its discretion in denying the motion. Appellants' first assignment of error is not well-taken.
 {¶ 44} With respect to whether the court did or did not consider appellee's responses to appellants' request for admissions or whether appellee was competent to execute her affidavit in support of summary judgment, again, appellee conceded every element of the only viable cause of action in the principal complaint, save damages. Anything else in the documents of which appellants complain is immaterial. Accordingly, appellants' second and third assignments of error are not well-taken.
 II. Damages {¶ 45} In their fourth assignment of error, appellants complain that the trial court erred in the amount of damages it awarded on appellee's counterclaim.
 {¶ 46} By the express terms of the management agreement, either party could terminate the agreement on 30 days written notice to the other party. On termination of the agreement, appellants were required to, "* * * immediately pay over to owner all funds in their hands and in bank accounts maintained under this agreement, and shall deliver to [appellee] all leases, insurance policies, contracts, books, records, and other documents pertaining to the subject of this agreement. * * *"
 {¶ 47} On November 13, 2003, appellee terminated the management agreement with appellants. Nevertheless, appellants did not vacate the premises, but stayed and continued to collect rent and advertising revenues from billboards on the property. Appellee sought and was awarded an amount equal to the monthly payments to which the parties agreed in the management agreement for the period during which they unlawfully occupied the property. She was also awarded the advertising monies appellants collected during this time.
 {¶ 48} Appellants complain that they should not have been taxed the contract rate during the holdover period because the contract had already been terminated. Moreover, they insisted, they should be entitled to a setoff from this amount for the costs associated with maintaining the camp during this time.
 {¶ 49} The express agreement of the parties as represented by the management contract is certainly indicative of the value the parties placed on occupancy of the property in an arms length transaction. As such, it is a reasonable measure for damages after the contract was terminated. Since there was no provision in the contract for any cost setoff against the amount to be paid, we cannot say that the trial court erred either in awarding the contract amount or refusing to grant a setoff. Additionally, after the termination of the management agreement, appellants were contractually obligated to turn over funds and contracts to appellee. We cannot say that the trial court erred in ordering appellants to do so with respect to the advertising revenues. Accordingly, appellants' fourth assignment of error is not well-taken.
 III. Manifest Weight {¶ 50} In their final assignment of error, appellants claim that the court's decision to grant summary judgment was "against the manifest weight of the evidence."
 {¶ 51} As discussed above, on summary judgment it is improper for a trial court to weigh the evidence in any respect. Summary judgment may be granted only if there is no genuine issue of material fact. Here, appellants showed a contract, their own performance, and appellee's breach. When challenged to show how they were harmed by this breach, however, appellants made no showing whatsoever. Consequently, they failed to carry their burden of coming forth with specific facts to support their claim and the trial court properly issued summary judgment against them. Appellants' fifth assignment of error is not well-taken.
 {¶ 52} On consideration whereof, the judgment of the Ottawa County Court of Common Pleas is affirmed. Appellants are ordered to pay the costs of this appeal for which sum judgment is rendered against appellants on behalf of Ottawa County and for which execution is awarded. See App. R. 24.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4, amended 1/1/98.
Handwork, J., Singer, P.J., Skow, J., Concur.