INTERNATIONAL BROTHERHOOD OF ELECTRICAL
WORKERS, LOCAL NO. 8, et al., Appellants,

v.

BRYAN SENIOR CENTER, INC.; City of Bryan, Appellee.

[Cite as *Internatl. Bhd. of Elec. Workers v. Bryan Senior Ctr., Inc.*, 165 Ohio App.3d 785, 2006-Ohio-971.]

Court of Appeals of Ohio,
Sixth District, Williams County.

No. WM–05–006.

Decided March 3, 2006.

786

Joseph M. D'Angelo, for appellants.

Rhonda L. Fisher, for appellee.

———————

SKOW, Judge.

{¶ 1} This is an appeal from a summary judgment granted by the Williams County Court of Common Pleas that determined that appellee was not a public authority in regard to donated real estate and, thus, was not subject to prevailing-wage laws. Because we conclude that no genuine issues of material fact remain and appellee was entitled to judgment as a matter of law, we affirm.

{¶ 2} Appellants, International Brotherhood of Electrical Workers, Local Union No. 8, a union that represents approximately 2,000 electrical workers in northwest Ohio and southeast Michigan, and Northwestern Ohio Building & Construction Trades Council, sued appellee, the city of Bryan, Ohio. Appellants' suit stemmed from the construction of a senior citizens' recreation center ("the project") by a private corporation, Bryan Senior Center, Inc., which then donated the center at completion to appellee. Appellants claimed that appellee was subject to prevailing-wage laws because the city was allegedly a public authority with respect to a public-improvement project and that appellee constructed certain work on the public improvement.

{¶ 3} On June 22, 2004, appellants filed a prevailing-wage complaint with the Ohio Department of Commerce, Division of Labor and Workers' Safety, Bureau of Wage and Hour, as an interested party, pursuant to R.C. 4115.16(A). On September 23, 2004, appellants filed their prevailing-wage action in Williams County Court of Common Pleas against appellee, Bryan Senior Center, Inc., and Stollsteimer Electric, Inc. Appellants later amended the complaint, adding five other subcontractors as defendants who allegedly paid employees less than the prevailing rate of wages to work on the project. Appellants further alleged in the complaint that appellee undertook certain construction work with regard to the project and failed to comply with Ohio prevailing-wage laws through such construction work. On February 22, 2005, appellants and Stollsteimer reached a settlement on all claims and Stollsteimer was dismissed as a party to the action. At that time, the complaint against the other subcontractors remained unresolved.

{¶ 4} Appellee filed a motion for summary judgment, asserting that it was not a public authority in regard to the project and, therefore, was not subject to Ohio prevailing-wage requirements. In support of its motion, appellee filed affidavits from the following persons.

{¶ 5} George Isaac, an owner of Bryan Senior Center, Inc. ("the Center"), averred that on July 31, 2000, the Center was a nonprofit corporation formed to solicit and accept donations to build a senior citizens' center in the city of Bryan, Ohio. Isaac stated that the Center was supported in part by public funds from the state of Ohio. He further stated that appellee was not a party to the construction contract and did not participate in the bidding or acceptance of the contract. He stated that upon completion of the project, the Center transferred ownership of the building and property to appellee as a donation.

{¶ 6} John Seele, the city clerk-treasurer, also averred that appellee was not a party to the construction contract and did not advertise for or participate in the bidding or the granting of the contract. He stated that appellee expended no city funds for and no motion, resolution, or ordinance was passed for the construction of the project, as required by the city's charter.

{¶ 7} Stephen Casabere, the prevailing-wage coordinator for the Center, averred that he did not serve on behalf of the city. He stated that the only work by the city in connection to the project was performed by Bryan Municipal Utilities employees during the usual hook-up of utility service to the site.

{¶ 8} Appellants opposed appellee's motion, arguing that appellee is a public authority subject to the prevailing-wage laws because the center transferred possession of the project upon completion to appellee and appellee performed work on the project.

{¶ 9} On June 30, 2005, the trial court granted appellee's motion for summary judgment, on the basis that appellee was not involved in the construction of the project and that no city funds were expended on the project. The court concluded that appellee was not a public authority with respect to the project and, therefore, was not subject to Ohio prevailing-wage laws.

{¶ 10} Appellants now appeal from that judgment, arguing the following sole assignment of error:

{¶ 11} "The trial court committed reversible error when it held that the city of Bryan, Ohio was not a public authority in connection with a public improvement project where the city maintained a possessory interest in the completed project."

{¶ 12} On review, appellate courts employ the same standard for summary judgment as trial courts. *Lorain Natl. Bank v. Saratoga Apts.* (1989), 61 Ohio App.3d 127, 129, 572 N.E.2d 198.

{¶ 13} A motion for summary judgment may be granted only when it is demonstrated "(1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is

entitled to have the evidence construed most strongly in his favor." *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 67, 8 O.O.3d 73, 375 N.E.2d 46; Civ.R. 56(C).

{¶ 14} When seeking summary judgment, a party must specifically delineate the basis upon which the motion is brought, *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 526 N.E.2d 798, syllabus, and identify those portions of the record that demonstrate the absence of a genuine issue of material fact. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264. When a properly supported motion for summary judgment is made, an adverse party may not rest on mere allegations or denials in the pleading, but must respond with specific facts showing that there is a genuine issue of material fact. Civ.R. 56(E); *Riley v. Montgomery* (1984), 11 Ohio St.3d 75, 79, 11 OBR 319, 463 N.E.2d 1246. A "material" fact is one that would affect the outcome of the suit under the applicable substantive law. *Russell v. Interim Personnel, Inc.* (1999), 135 Ohio App.3d 301, 304, 733 N.E.2d 1186; *Needham v. Provident Bank* (1996), 110 Ohio App.3d 817, 826, 675 N.E.2d 514, citing *Anderson v. Liberty Lobby, Inc.* (1986), 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202.

■ {¶ 15} Appellants first argue that appellee is subject to prevailing-wage laws because it became a public authority with respect to a public-improvement project when it received ownership of the project through donation and performed work on the project.

■ {¶ 16} A public authority is "any officer, board, or commission of the state, or any political subdivision of the state, authorized to enter into a contract for the construction of a public improvement." R.C. 4115.03(A). A public improvement includes "all * * * structures or works constructed by a public authority of the state or any political subdivision thereof or by any person who, pursuant to a contract with a public authority, constructs any structure for a public authority of the state or a political subdivision thereof." R.C. 4115.03(C). Therefore, a project must be constructed "pursuant to a contract with a public authority" and "for a public authority" to apply the prevailing-wage statutes. *Episcopal Retirement Homes, Inc. v. Ohio Dept. of Indus. Relations* (1991), 61 Ohio St.3d 366, 369, 575 N.E.2d 134.

■ {¶ 17} A plaintiff may demonstrate that a public-improvement project was constructed "pursuant to a contract with a public authority" when a city remains involved in the planning and approval of construction plans for the project. *Harris v. Cincinnati* (1992), 79 Ohio App.3d 163, 169, 607 N.E.2d 15. A public-improvement project may be constructed "for a public authority" where the public authority receives the "benefit of the construction, either through maintaining a possessory or property interest in the completed project or

through the use of public funds" to support construction of the project. *Episcopal Retirement Homes,* supra, at 370, 575 N.E.2d 134.

{¶ 18} In this case, it is undisputed that the project was a public-improvement project and that the Center, even though a nonprofit corporation, was a public authority in connection with the project. According to the affidavits filed in support of appellee's claim that it was not a public authority in this case, appellee did not advertise for, did not participate in the bidding or construction of, did not expend city funds for, and did not have any possessory or property interest in the senior citizens' recreation center prior to its completion. Furthermore, no evidence was presented that any form of collusion or inside dealing occurred between the corporation and appellee. Thus, the undisputed evidence presented demonstrates that the Bryan Senior Center project, as it relates to the city of Bryan, was constructed neither "pursuant to a contract with a public authority" nor "for a public authority."

{¶ 19} Appellants further contend that because city employees performed utility work on the project, appellee was a public authority. A city or municipality that has adopted a charter under the Ohio Constitution and has adopted its own civil-service regulations for employment pursuant to its own charter is not subject to prevailing-wage statutes. *Craig v. Youngstown* (1954), 162 Ohio St. 215, 220, 55 O.O. 110, 123 N.E.2d 19. In this case, it is undisputed that appellee is a chartered municipality and has adopted its own civil-service regulations pursuant to its charter. In our view, the mere presence of employees to hook up utilities to a construction project is insufficient to establish that appellee is a public authority with respect to that project. Under appellants' argument, any time a private construction project is connected to utility service, the city could be automatically designated as a public authority. Therefore, according to *Craig,* supra, we conclude that the work performed by Bryan Municipal Utilities employees does not transform appellee into a public authority for the Center project.

{¶ 20} Upon our review of the record, we conclude that because there are no genuine issues of material fact and reasonable minds can only come to a conclusion that is adverse to appellants, appellee is entitled to judgment as a matter of law. Therefore, the trial court properly granted summary judgment in favor of appellee. Accordingly, appellants' sole assignment of error is not well taken.

{¶ 21} The judgment of the Williams County Court of Common Pleas is affirmed. Appellants are ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the

record, fees allowed by law, and the fee for filing the appeal is awarded to Williams County.

Judgment affirmed.

Pietrykowski and Parish, JJ., concur.

**J.F., Appellant,**