DECISION AND JUDGMENT ENTRY
{¶ 1} Appellants Scott and Marsha Vanbarg appeal from a summary judgment issued by the Erie County Court of Common Pleas in a breach of contract claim against a construction lender. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} Appellants own property on Kelleys Island in Erie County. In 2002, they contracted with home builder Edward Soule to erect a new residence on their property. *Page 2 
Appellants obtained construction financing in the amount of $163,600 for the project from appellee, Fifth Third Mortgage Company.
 {¶ 3} The loan agreement between the parties provided that appellee would pay incremental disbursements of the loan on the request of appellants supported by certain documentation. The amount of funds to be disbursed was to be proportional, "* * * to that percent of the Loan Amount which is equal to the percent of the total construction work to be done that has been completed." In practice, appellants submitted to appellee a statutory original contractor affidavit, see R.C.1311.011(B)(4), after which appellee issued a check made dually payable to the contractor and appellants. Appellee hired an appraiser, James Delahunt, to verify that the progress on the job was in conformity with that claimed.
 {¶ 4} At some point, the relationship between appellants and their contractor soured. On November 22, 2004, appellants sued Soule, alleging that he failed to build the structure in a workmanlike manner, failed to complete work for which he had been compensated, refused to return money paid to him for uncompleted work, and refused to repair defects. In addition to breach of contract, appellants claimed Soule caused them mental distress, committed unfair, deceptive, and unconscionable acts, and was unjustly enriched. Appellants also sued appraiser Delahunt and appellee, alleging fiduciary breach and breach of contract.
 {¶ 5} Soule answered, denyed liability, and filed a countersuit. Delahunt and appellee denied liability. Following discovery, appellee moved for summary judgment, *Page 3 
asserting that there was no evidence that it breached its contract and that it had no fiduciary relationship to appellants as a matter of law. The trial court granted appellee's motion. This matter is now before us on appeal, pursuant to Civ.R. 54(B). Appellants set forth a single assignment of error:
 {¶ 6} "The Trial Court erred in granting the Motion for Summary Judgment filed by Fifth Third Bank."
 {¶ 7} Appellate courts employ the same standard for summary judgment as trial courts. Lorain Natl. Bank v. Saratoga Apts. (1989),61 Ohio App.3d 127, 129. The motion may be granted only when it is demonstrated:
 {¶ 8} "* * * (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." Harless v. Willis Day Warehousing Co.
(1978), 54 Ohio St.2d 64, 67, Civ.R. 56(C).
 {¶ 9} When seeking summary judgment, a party must specifically delineate the basis upon which the motion is brought, Mitseff v.Wheeler (1988), 38 Ohio St.3d 112, syllabus, and identify those portions of the record that demonstrate the absence of a genuine issue of material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. When a properly supported motion for summary judgment is made, an adverse party may not rest on mere allegations or denials in the pleading, but must respond with specific facts *Page 4 
showing that there is a genuine issue of material fact. Civ.R. 56(E);Riley v. Montgomery (1984), 11 Ohio St.3d 75, 79. A "material" fact is one which would affect the outcome of the suit under the applicable substantive law. Russell v. Interim Personnel, Inc. (1999),135 Ohio App.3d 301, 304; Needham v. Provident Bank (1996), 110 Ohio App.3d 817,826, citing Anderson v. Liberty Lobby, Inc. (1986), 477 U.S. 242, 248.
 {¶ 10} In its motion for summary judgment, appellee argued that appellants' breach of contract claim must fail because the contract between the parties obligated it to do no more than to disburse funds to appellants upon appellants' request. As evidenced by cancelled checks attached to its motion, appellee asserted that it had performed this obligation.
 {¶ 11} With respect to a breach of any fiduciary duty, citingUmbaugh Pole Bldg Co. v. Scott (1979), 58 Ohio St.2d 282, at paragraph one of the syllabus, appellee argued that it had no fiduciary duty to appellants as a matter of law.
 {¶ 12} Appellants responded that appellee had a contractual obligation not just to disburse the loan amount, but to disburse in a percentage equal to the construction completed. According to appellants, they discovered that money had been disbursed for work that had not been performed. The fault for this, they insist, was inspector Delahunt who was negligent in his performance. Moreover, say appellants, they attempted to obtain copies of Delahunt's reports from appellee during the progress of the work, but were refused. Appellants support these assertions with an affidavit of appellant Marsha VanBarg. *Page 5 
 {¶ 13} With respect to appellants' claim of a breach of fiduciary duty, appellee is correct. Absent some special relationship between the parties, a creditor-debtor relationship does not ordinarily give rise to a fiduciary relationship. Groub v. Keybank, 108 Ohio St.3d 348,2006-Ohio-1189, at paragraph one of the syllabus; Umbaugh Pole Bldg. Co.v. Scott, supra. Appellants have presented nothing which would suggest this case should be excepted from the rule.
 {¶ 14} Concerning appellants' breach of contract claim, in material part, the construction loan agreement between the parties provides:
 {¶ 15} "2. Borrower agrees to construct on the Mortgaged Premises certain improvements in accordance with the application, plans and specifications on file with the Lender. * * *
 {¶ 16} "3. Borrower agrees that Lender may require, at its option, evidence prior to any disbursement during the progress of the construction that all taxes and assessments on the Mortgaged Premises are being paid * * *.
 {¶ 17} "4. Lender agrees that if Borrower shall perform fully all of the foregoing provisions or if Lender shall waive the performance or breach thereof, it will, as hereinafter provided, make disbursements to the Borrower totaling the Loan Amount in installments during the construction period. All disbursements shall be made in the manner and under the conditions set forth below:
 {¶ 18} "A. * * * *Page 6 
 {¶ 19} "B. On the date for each disbursement, Borrower shall furnish to Lender an affidavit of Original Contractor executed by the builder accompanied by the necessary subcontractor's affidavits and certificates of materialmen * * *.
 {¶ 20} "C. The amount to be disbursed by Lender on the date set for each disbursement shall be an amount equal to that percent of the Loan Amount which is equal to the percent of the total construction work to be done that has been completed by date in accordance with the plans and specifications, less the total amount disbursed by Lender prior to the disbursement date; provided, however, that Lender may require that it be satisfied that sufficient mortgage proceeds are held back at all times to assure completion of the project substantially in accordance with the plans and specifications unless Borrower certifies to the satisfaction of Lender that sufficient sums are available. * * *"
 {¶ 21} We find nothing in the provisions shown or in any other portion of the loan agreement by which appellee is obligated to hire an appraiser or otherwise supervise or vouch for construction progress. Indeed, the language of the agreement suggests that is it the borrower upon whom the impetus to warrant contractual performance rests. Similarly, there is nothing in the contract to prohibit either party from engaging someone to protect that party's interest in this regard. By appellee's account and all appearances, this is what it did. Appellants have directed us to no contractual provision or piece of evidence which would suggest otherwise. Consequently, appellee is entitled to judgment as a matter of law. Appellant's sole assignment of error is not well-taken. *Page 7 
 {¶ 22} On consideration whereof, the judgment of the Erie County Court of Common Pleas is affirmed. Appellants are ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
 Peter M. Handwork, J., Arlene Singer, J., William J. Skow, J., CONCUR. *Page 1