RILEY, APPELLEE, *v.* MONTGOMERY ET AL., APPELLANTS.

[Cite as Riley *v.* Montgomery (1984), 11 Ohio St. 3d 75.]

(No. 83-1358—Decided June 6, 1984.)

*Ruppert, Bronson & Chicarelli Co., L.P.A.,* and *Mr. James D. Ruppert,* for appellee.

*Mr. H. Charles Wagner* and *Mr. Victor T. Whisman,* for appellants.

GREY, J.

## I

### Preliminary Issues

#### A

#### Filing of Notice of Appeal

Riley urges the court to dismiss this appeal because a copy of appellants' notice of appeal from the court of appeals was not filed in the Supreme Court within the thirty days prescribed by Section 1(B), Rule I, Rules of Practice of the Supreme Court. Section 1, Rule II, Rules of Practice does provide that this court may dismiss such an appeal for lack of prosecution, but failure to file is not a jurisdictional defect. We are not inclined to dismiss in this case where the delay was a mere four days and appellee was not prejudiced in any way.

#### B

#### The Applicable Statute of Limitations

The parties apparently no longer dispute the applicability of the one-year statute of limitations of R.C. 2305.11 to appellants' claims of negligence and breach of trust. In any event, appellants have not raised this issue in their propositions of law, and it will not be considered in this appeal.

## II

### Substantive Issues

The first issue in this case is whether a claim of negligence, breach of trust, or malpractice may be considered as a defense or recoupment to an attorney's suit for fees grounded on a written note, when the statute of limitations for an original action based on malpractice has run. A second issue is the effect of appellants' failure to produce affidavits or other evidence supporting the recoupment defense in response to a motion for summary judgment as required by Civ. R. 56(E).

This court has not previously been asked to rule on the issue of the defensive use of a time-barred claim. Several of the state's appellate districts have

ruled in favor of such use when the time-barred claim is intimately related to the claim sued upon.

In *Conway v. Ogier* (1961), 115 Ohio App. 251 [20 O.O.2d 324], the defendants counterclaimed for malpractice and loss of consortium in a physician's suit for fees. The court allowed the malpractice claim as a defense, despite the fact that an affirmative claim would be barred by the statute of limitations. The court held at 252-253 that:

"A claim of malpractice is, of course, an allegation of non-performance, or at least defective performance of services by the doctor. To that extent, it is a true defense and not affected by limitations. A claim of malpractice asserted as here, in an action for the value of the services from which the malpractice arises, is a cross-demand within Section 2309.19, Revised Code. It arises from the same transaction and subject of action, and came into existence simultaneously with the plaintiff's claim for services. Cross-demands are not barred by limitations but, as the statute provides, 'must be deemed compensated so far as they equal each other.' *In re Estate of Butler* (1940), 137 Ohio St., 96 [17 O.O. 432]; *Shriner* v. *Price, Exr.* (1944), 74 Ohio App., 373 [29 O.O. 542]; *Cohn* v. *Krauss* (1943), 45 Ohio Law Abs., 148. See, also, 1 A.L.R. (2d), 661, Section 23. It also constitutes a proper claim for common-law recoupment and, for the additional reason, is not barred."

In *Cauffiel Machinery Co.* v. *Eastern Steel & Metal Co.* (1978), 59 Ohio App. 2d 1 [13 O.O.3d 41], the court reviewed a case where a note had been given in payment for a machine which had allegedly malfunctioned, breaching the supplier's contractual obligations. The court held at 5-6 that:

"* * * [A]ppellant, by bringing suit only on the note, cannot avoid defenses to the underlying contract. * * * Affirmative relief would be based on breach of contract and, as such, would be barred by the statute of limitations. * * * [Citation omitted.] The statute of limitations does not, however, operate to bar strict defenses, that is, defenses which grow out of the same transaction connected with plaintiff's claim. *Summers* v. *Connolly* (1953), 159 Ohio St. 396 [50 O.O. 352]. Appellee's defense by way of recoupment was not barred and was properly considered. Recoupment is a defense which arises out of the same transaction as plaintiff's claim, is a claim of right to reduce the amount demanded and can be had only to an extent sufficient to satisfy the plaintiff's claim. As noted in 20 American Jurisprudence 2d [1965] 235, Counterclaim, Recoupment, and Setoff, Section 11:

" ' * * * [R]ecoupment goes to the justice of the plaintiff's claim, and no affirmative judgment can be had thereon * * *. [I]t does not confess the indebtedness alleged in the complaint, as is understood by a setoff, but its proposition is that the plaintiff's claim is based on a particular contract or transaction and that to entitle the plaintiff to the sum claimed, he must prove compliance with certain obligations of the contract; that he failed to do so; and therefore that the defendant has been so damaged in the transaction that the plaintiff is not entitled to recover.'

"See also 67 American Jurisprudence 2d [1973] 828, Sales, Section 634,

*supra.* In the case *sub judice* plaintiff made a *prima facie* case upon presentation of the note; however, defendant did not lose its right of recoupment. Recoupment survives as long as the main cause of action survives and is not barred by a period of limitation so long as the main action is timely. *Conway* v. *Ogier* (1961), 115 Ohio App. 251 [20 O.O.2d 324]. *Cf.* R.C. 2309.19, 14 Ohio Jurisprudence 2d [1955] 132, Counterclaim, Section 23. See also 34 Ohio Jurisprudence 2d [1958] 511, Limitation of Actions, Section 24."

In *Easy Living* v. *Whitehead* (1979), 65 Ohio App. 2d 206 [19 O.O.3d 155], the court held that the one-year statute of limitations on an affirmative claim for statutory damages under the federal Truth-in-Lending Act did not bar recoupment of damages from a creditor suing on the non-complying note. The court at 212 reasoned that recoupment, as a defense, survives as long as the main action is timely brought.

"* * * Both claims arose out of the same contract. Easy Living sued to recover a debt owing on the contract and Whitehead is alleging the illegality of certain terms of the contract. To be a recoupment the defendant's claim need not be of the same form nor controlled by the same body of law as the plaintiff's. Comments, Truth in Lending and the Statute of Limitations, 221 Vill. L. Rev. 904. Since Whitehead's defense arose out of the same transaction as the claim against her and since she claimed damages no larger than the claim against her, the defense was in the nature of a recoupment rather than a set-off, and Section 1640(h), Title 15, U.S. Code, is not applicable."

A review of the issue in other jurisdictions reveals a similar treatment. The general rule is that statutes of limitations bar affirmative counterclaims, but do not affect claims offered in defense or recoupment, arising from the same transaction that forms the basis for the plaintiff's complaint. *Cooper* v. *Reaves* (Ala. 1978), 365 So. 2d 670, 671; *W.J. Kroeger Co.* v. *Travelers Indemnity Co.* (1975), 112 Ariz. 285, 287, 541 P. 2d 385, 387; *Sears, Roebuck & Co.* v. *Goudie* (D.C. App. 1972), 290 A. 2d 826, certiorari denied (1972), 409 U.S. 1049; *Horace Mann Ins. Co.* v. *DeMirza* (Fla. App. 1975), 312 So. 2d 501, 502; *H.R. Kaminsky & Sons, Inc.* v. *Yarbrough* (1981), 158 Ga. App. 523, 525, 281 S.E. 2d 289, 291; *Powers* v. *Sturgeon* (1962), 190 Kan. 604, 608, 376 P. 2d 904, 907; *Hatfield* v. *Hatfield* (Ky. 1967), 417 S.W. 2d 218, 220; *Diebert, Bancroft & Ross Co., Ltd.* v. *Westinghouse Air Brake Co.* (La. App. 1975), 323 So. 2d 482, 486, writ denied (La. 1976), 325 So. 2d 777. See, also, Annotation (1948), 1 A.L.R. 2d 630; *Dixon* v. *Schoonover* (1961), 226 Ore. 443, 454-455, 359 P. 2d 115, 120; *Household Consumer Discount Co.* v. *Vespaziani* (1980), 490 Pa. 209, 219, 415 A. 2d 689, 694; *Bodovsky* v. *Texoma Natl. Bank of Sherman* (Tex. Civ. App. 1979), 584 S.W. 2d 868, 874; *Ennis* v. *Ring* (1960), 56 Wash. 2d 465, 471, 353 P. 2d 950, 953.

We hold that a claim which would be barred by the statute of limitations if brought in an action for affirmative relief is available as a defense or under the common-law theory of recoupment, when the claim of the defendant arises out of the same transaction as the plaintiff's claim for relief, and when it is offered to reduce the plaintiff's right to relief.

In this case, Riley's suit for payment on a note arises from the contract of employment between Riley and appellants. Appellants' claims of negligence and breach of fiduciary duty arise from the very same contract. Despite the fact that appellants are no longer entitled to bring an affirmative action for malpractice, under a recoupment theory they would be entitled to assert these claims in defense. Under Civ. R. 8(C) this right would exist whether the claims were called "counterclaims" or "defenses."

In this case, however, the appellants failed to come forward and substantiate their claims on Riley's motion for summary judgment. The assertion of the statute of limitations by Riley on motion for summary judgment necessarily places in issue the validity of the defenses claimed immune to the statute. The appellants may not merely rely on their pleadings, but are under an affirmative duty to present evidence of a genuine issue of material fact under Civ. R. 56(E).

At the time of the hearing on Riley's motion for summary judgment, the uncontroverted pleadings and affidavits established that Riley had performed legal services for the estate, that appellants had executed the note, and that more than a year had passed since the last legal services were performed. Appellants' burden was to demonstrate, through affidavits of competent witnesses with first-hand knowledge, the elements of their defense. In this case, these elements would have included an indication of the specific error made on the estate tax return, the advisability of an appeal, and most important, some evidence of proximate cause, *i.e.*, that appellants would not have had to pay the additional taxes but for the errors and omissions of Riley. The general allegations of the appellants' answer are not sufficient to meet their burden on motion for summary judgment. *Savransky v. Cleveland* (1983), 4 Ohio St. 3d 118.

Because appellants did not establish a genuine issue of material fact, the trial court properly granted Riley's motion for summary judgment.

The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY and J.P. CELEBREZZE, JJ., concur.

W. BROWN, J., concurs in judgment only.

HOLMES and C. BROWN, JJ., dissent.

GREY, J., of the Fourth Appellate District, sitting for LOCHER, J.

CLIFFORD F. BROWN, J., dissenting. Although I concur wholeheartedly with the majority's recognition of the defense of recoupment in this setting as contained in paragraph one of the syllabus, I find the affirmance of the

summary judgment entered by the trial court against appellants to be most unjustified. I therefore dissent.

The majority has concluded that the appellee was entitled to summary judgment as a matter of law because appellants failed in their burden to respond in evidence to show that a genuine issue of material fact existed as to the defense of recoupment. This conclusion is remarkable for its rampant disregard of a basic principle relating to the remedy of summary judgment.

It is elementary that the non-moving party, when confronted with a properly supported motion for summary judgment, may not rest on the allegations in his pleadings. If he fails to come forward with evidence in opposition, summary judgment may be entered against him. Civ. R. 56(E); *Savransky* v. *Cleveland* (1983), 4 Ohio St. 3d 118.

However, it is also elementary that when the moving party presents evidentiary matter in support of the motion which does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidence is offered. In such a case, the adverse party may rest on the allegations in his pleadings and is not required to respond with any additional evidence whatsoever. *Adickes* v. *S.H. Kress & Co.* (1970), 398 U.S. 144[1]; Advisory Committee Note on 1963 Amendment to Fed. R. Civ. P. 56(e).

Civ. R. 56(E) expressly cautions that summary judgment should be granted when the non-moving party rests on his pleading only "if appropriate." This phrase is intended to incorporate the standards for summary judgment contained in subdivision (C) of the rule, which requires that the evidence must demonstrate that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. See *Thornton* v. *Evans* (C.A. 7, 1982), 692 F. 2d 1064, 1074-1075.

It is of course only right that the burden of establishing that no genuine issue of fact exists is placed on the party moving for summary judgment. It is he, after all, who is attempting to demonstrate that his opponent is not entitled to his day in court. To require the non-moving party to respond in evidence to a motion for summary judgment where the movant has not sustained his burden, or suffer the extreme penalty of summary judgment, is hardly in keeping with logic or fair play.

Yet this is exactly what the majority has decided. The appellee in the cause *sub judice* presented an affidavit in support of his motion alleging that the statute of limitations barred appellants' counterclaim. The trial court agreed and entered summary judgment in his favor. Today's decision holds that the statute of limitations did not apply to appellants' counterclaim because it was in the nature of the defense of recoupment. The majority then proceeds to rule that summary judgment was still proper because the appellants failed to support this defense with evidentiary materials in response to the appellee's motion. But the appellee did not address this issue in his

---

[1] The court in *Adickes* is interpreting Fed. R. Civ. P. 56(e) which is virtually identical to its Ohio counterpart, Civ. R. 56(E).

supporting affidavit, nor did he raise it in the hearing on the motion. The appellants, therefore, were perfectly free to simply rest on the allegations in their counterclaim.

In holding that summary judgment was proper in this case due to the appellants' failure to support the defense of recoupment, this court is penalizing in the most severe manner the very party whose actions most closely adhered to the requirements of Civ. R. 56. The purported basis for this holding is irreconcilable with all notions of equity and sound judicial analysis.

Based on the foregoing, I would reverse the holding of the court of appeals and remand the cause for further proceedings.

HOLMES, J., concurs in the foregoing dissenting opinion.