DECISION AND JUDGMENT ENTRY
This appeal comes to from the Lucas County Court of Common Pleas. It concerns a partial summary judgment issued in favor of the owner of a department store parking lot in a negligence case.
Appellant, Teresa L. Richardson, was injured when she slipped on ice while emerging from her car in a North Toledo shopping center parking lot. Appellant sued the tenant business, Hills Department Store, and the owner of the shopping center and its parking lot, appellee, Joseph Brothers Company. Appellant alleged that the defendants were negligent in failing to provide adequate lighting in the parking lot and in failing to clear the parking lot of accumulated ice and snow.
Both defendants moved for summary judgment. Hills' motion was granted with the court concluding that appellant had presented no evidence that it had a duty to remove snow or illuminate the parking lot. With respect to appellee, the court concluded that, although it had a contractual duty to clear snow and ice from the lot, appellant had presented no evidence that it had breached this duty. On the lighting issue, the court found a triable question of fact. The lighting issue proceeded to a trial at which appellee prevailed. Appellant now brings this appeal in which she asserts that the trial court erred in granting summary judgment to appellee on the snow removal issue.
Pursuant to Sixth Dist.Loc.App.R. 12(C), we sua sponte
transfer this matter to our accelerated docket and, hereby, render our decision.
Civ.R. 56(C) provides that summary judgment can be granted only if (1) no genuine issue of material fact remains to be litigated; (2) it appears from the evidence that reasonable minds can reach but one conclusion and that conclusion is adverse to the nonmoving party; and (3) the moving party is entitled to summary judgment as a matter of law. Temple v. Wean United, Inc.
(1977), 50 Ohio St.2d 317, 327. In deciding whether a genuine issue of material fact precludes the grant of summary judgment, a court must adhere to Civ.R. 56(C) and view the evidence in a light most favorable to the nonmoving party. Turner v. Turner
(1993), 67 Ohio St.3d 337, 341. Pursuant to Civ.R. 56(E), a party who bears the burden of proof at trial, faced with a properly supported motion for summary judgment, must come forward with specific facts showing that there is a genuine issue of material fact to be tried. Riley v. Montgomery (1984), 11 Ohio St.3d 75,79. In a negligence action, a plaintiff has the burden to prove that the defendant had a duty to the plaintiff which it breached and that breach proximately caused plaintiff's injuries. Mussivandv. David (1989), 45 Ohio St.3d 314, 319.
In this case, appellant demonstrated that appellee had accepted a contractual duty to clear the parking lot of a natural accumulation of ice and snow. This is in derogation of the common law rule that the owner of land has no duty to protect a business invitee from the dangers of snow and ice. Sidle v. Humphrey
(1968), 13 Ohio St.2d 45, paragraphs one, two and three of the syllabus.
When the owner or the occupier either gratuitously undertakes to remove snow and ice, or contractually obligates itself to do so, as in this case, it must exercise ordinary care to make walkways and parking lots reasonably safe. Hammond v. Moon
(1982), 8 Ohio App.3d 66, 68. To withstand a summary judgment motion, appellant must have shown not only a duty, but must present evidence tending to show that appellee breached that duty of ordinary care.
In deposition, appellant testified that it did not snow on the day she slipped and fell. She also testified that, when she drove into appellee's parking lot, snowfall from two days prior had been removed from the surface of the lot and the location in which she parked presented no obvious evidence of ice. None of this suggests that appellee breached its duty to clear the lot. In fact, it suggests that appellee did clear the lot. Moreover, absent some evidence that appellee had prior notice of the icy spot upon which appellant fell or any evidence to suggest that appellant in the exercise of ordinary care should have known of this icy spot, reasonable minds could only conclude that appellee did not breach its duty. See Keeton, Keeton and Prosser on Torts (5 Ed. 1984) 426-427. Consequently, appellant failed to present evidence that appellee breached its duty of ordinary care. Therefore, the trial court properly ruled that appellee was entitled to summary judgment on this issue.
Accordingly, appellant's sole assignment of error is not well-taken. The judgment of the Lucas County Court of Common Pleas is affirmed. Costs to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J., James R. Sherck, J.,Richard W. Knepper, J., CONCUR.