OPINION
{¶ 1} William S. Johnson appeals from a judgment of the Municipal Court of Clark County, which awarded him damages in an amount of $544 in a dispute with his tenant, Julia Brown.
 {¶ 2} Brown, her husband, and her children lived in a home at 5208 Hahn Road in Clark County which they rented from Johnson for approximately five years. At the times relevant herein, the tenancy was a monthly tenancy, and the rent was due on the 8th of each month. In early 2000, the parties had a falling out related to sewage that had been backing up into the home. On January 8, 2000, Johnson gave Brown a thirty-day notice to vacate the property. The notice required Brown to vacate by February 8, 2000. By January 14, Brown had not yet paid the rent for the month of January, and Johnson filed an action to evict her. The eviction action was dismissed on February 2, 2000, due to Johnson's failure to comply with the requirements of R.C. 1923.04. Johnson received and accepted Brown's January rent on January 18. The Browns moved out on February 9, 2000.
 {¶ 3} Johnson filed an action in small claims court on February 7, 2002, seeking to recover damages from late payment of the January 2000 rent, nonpayment of the February rent, attorney's fees related to the attempted eviction, and damage to the property. Brown filed a counterclaim seeking to recover for the family's personal expenditures related to the sewage problems at the residence. The matter was referred to a magistrate, who conducted a hearing on June 4, 2002. The magistrate awarded damages to Johnson in the amount of $1,466.10, but against that amount he offset the security deposit of $525 and $136 that Brown had expended on repairs to the rental property, for a net award to Johnson of $805.10.
 {¶ 4} Both parties filed objections to the magistrate's report. Although neither party had specifically objected to the award for wear and tear, the trial court lowered the amount that the magistrate had awarded to Johnson for wear and tear on the property. The court also corrected a perceived mathematical error in the magistrate's award. The trial court affirmed the magistrate's award in all other respects.
 {¶ 5} Johnson appeals, pro se, raising thirteen assignments of error. Because many of these assignments are related, we will address some of them together.
 {¶ 6} "I. Municipal Court Judge Carey Made A Clerical Math Error When He Concluded That The Calculation Of The Damages Pursuant To The Magistrate[`]s Decision Was $1395.00 Instead Of $1466.10 As Determined By The Magistrate."
 {¶ 7} The trial court amended the magistrate's award, apparently believing that the magistrate had made an error in totaling the amounts he had awarded on various aspects of Johnson's claim. Based on our calculations, however, the amounts awarded by the magistrate did total $1,466.10, as the magistrate had stated. No calculations or references to specific parts of the award are included in the trial court's entry, and we are unable to determine how it arrived at a total of $1,395.00. Accordingly, we must presume that it was the trial court that erred in its calculations, and the judgment should have been based on an initial award of $1,466.10 as found by the magistrate.
 {¶ 8} The first assignment of error is sustained.
 {¶ 9} "II. As A Matter Of Law, Municipal Court Judge Carey Erred When He Further Reduced The Award By $200.00 In Contradiction Of The Finding Of Facts By The Magistrate.
 {¶ 10} "III. As A Matter Of Law, Municipal Court Judge Carey Erred When He Considered Facts Not In Evidence In Reducing The Award By $200.00.
 {¶ 11} "IV. As A Matter Of Law, Municipal Court Judge Carey Erred When He Overruled The Magistrate's Decision On [sic] Reduced The AWARD By $200 When The Issue Was Not Raised By The Defendant (who Was Represented By Counsel) At Trial Or As An Objection To The Magistrate[`]s Decision."
 {¶ 12} Pursuant to Civ. R. 53(E)(4)(b), the trial court was permitted to adopt, reject, or modify the magistrate's decision. The magistrate's award for wear and tear was not the subject of any objections, but the trial court apparently concluded that the magistrate's award was excessive.
 {¶ 13} The magistrate awarded Johnson $650 for "various holes in the walls, broken windows, broken doors" and replacement or repair of three window screens. He also awarded $275 for "cleaning the walls, floors, cabinets, refrigerator, and carpets." The trial court reduced these amounts by a total of $200 "to more accurately reflect the deterioration to the premises as a result of ordinary wear and tear over the course of five years of occupancy" by the Browns. Considering the length of the tenancy and the fact that Johnson was not entitled to recover for ordinary wear and tear, the trial court could have concluded, as a matter of law, that the amount awarded for cleaning the residence was excessive.
 {¶ 14} If Johnson believed that the trial court had acted arbitrarily in modifying the magistrate's award for wear and tear, it was incumbent upon him to file a transcript of the hearing at which his evidence had been presented so that we could conduct a proper review of the decision. App. R. 9(B). He failed to do so. In the absence of a transcript of the proceedings, we must presume that the trial court acted properly.
 {¶ 15} The second, third, and fourth assignments of error are overruled.
 {¶ 16} "V. As A Matter Of Law And Finding Of Facts, Both The Magistrate And The Judge Erred When They Ruled That The Plaintiff Is Not Entitled To Use The Security Deposit To Offset Damages Due To The Breach Of Lease By The Defendant And Her Failure To Vacate The Premises After Having Received Proper Notice.
 {¶ 17} "XII. As A Matter Of Law, Both The Magistrate And The Judge Erred When They Ruled That The Appellant Could Not Recover Legal Fees, Court Costs, And Mileage Expenses Associated With An Eviction Of The Appellee."
 {¶ 18} Johnson's argument under these assignments of error misconstrues the trial court's decision. The trial court held that Johnson was not entitled to apply Brown's security deposit toward the payment of his legal fees in a forcible detainer action that had been dismissed because of Johnson's failure to comply with the statutory requirements. The trial court did not err in so holding. The trial court did allow Johnson to use the security deposit to cover the costs of unpaid rent, contrary to Johnson's assertions, and of other damages to the property.
 {¶ 19} The fifth and twelfth assignments of error are overruled.
 {¶ 20} "VI. As A Matter Of Law, Without A Finding Of Fact That Appellant Was Notified Of The Plumbing Problem, Appraised [sic] Of The Severity Of The Problem, And Failed To Remedy The Situation Within A Reasonable Time, The Appellee's Counterclaim Must Be Denied.
 {¶ 21} "VII. As A Matter Of Law And Finding Of Facts, Both The Magistrate And The Judge Erred When They Ruled Counter To ORC 5321.07(b) And Allowed Appellee To Unilaterally Remedy The Plumbing Complaint And Over Two Years Later Claim Damages Against The Appellant."
 {¶ 22} Johnson claims that he was not given a reasonable opportunity to correct a plumbing problem before Brown paid to have it fixed by a third party and that he therefore should not have been required to reimburse her for the cost of the repair. This argument is tied to factual findings that we are not in a position to review without the benefit of the transcript. It appears from the magistrate's findings that Brown presented evidence that sewage had backed up into the home for six days in January 2000 and that several phone calls to Johnson had yielded no response. The evidence also apparently showed that children lived in the house and that the sewage back-up had been a recurrent problem. Without the transcript, we must assume that Brown did present such evidence and that the magistrate reasonably offset Brown's cost of fixing the sewage problem against Johnson's award of damages.
 {¶ 23} The sixth and seventh assignments of error are overruled.
 {¶ 24} "VIII. As A Matter Of Law And Finding Of Facts, Both The Magistrate And The Judge Erred When They Rule[d] That The Two Year Statu[t]e Of Limitations Did Not Apply To The Appellee's Counterclaim.
 {¶ 25} "IX. As A Matter Of Law And Finding Of Facts, Both The Magistrate And The Judge Erred When They Ruled That The Appellant's Claim And The Appellee's Claim Arose Out Of The Same Transaction."
 {¶ 26} Brown had paid for the sewer repair in January 2000, and Johnson's claim against her was filed in February 2002. Johnson claims that a two-year statute of limitations barred Brown from any recovery related to her expenditures in January 2000.
 {¶ 27} The trial court held that Brown's counterclaim was not barred because it arose out of the same transaction as Johnson's claim for relief. Indeed, the supreme court has held that a claim that would be barred by the statute of limitations if brought in an action for affirmative relief is nonetheless available as a defense or under a common law theory of recoupment when it arises out of the same transaction as the plaintiff's claim for relief and is offered to reduce the plaintiff's right to relief. Riley v. Montgomery (1984),11 Ohio St.3d 75, 78, 463 N.E.2d 1246. The trial court reasonably concluded that Brown's sewer repair and Johnson's claim for damages arose from the same transaction. Johnson has cited no authority in support of his assertion that the magistrate was required to make an express finding that the matters arose from the same transaction before offsetting damages.
 {¶ 28} The eighth and ninth assignments of error are overruled.
 {¶ 29} "X. As A Matter Of Law, Both The Magistrate And The Judge Erred When They Ruled That Appellee Is Not Responsible To Pay The Full Periodic Monthly Rent Plus Any Other Damages When She Had Held Over Her Tenancy.
 {¶ 30} "XI. As A Matter Of Law, Both The Magistrate And The Judge Erred When They Ruled That It Was Equitable To Charge The Appellee Only For The Actual Days She Claimed To Hold Over The Tenancy Which She Abandoned Without Notice."
 {¶ 31} Johnson objects to the trial court's determination that it was equitable to charge Brown for only the one day that she held over her tenancy, rather than to charge another full month's rent.
 {¶ 32} Under Ohio law, a tenant who holds over after the term of his lease expires is a tenant at sufferance. Craig Wrecking Co. v.S.G. Loewendick Sons, Inc. (1987), 38 Ohio App.3d 79, 81, 526 N.E.2d 321, citing Anderson v. Brewster (1886), 44 Ohio St. 576, 580. In such a situation, the landlord may elect to treat the tenant as a trespasser or to hold him to a new lease term. Id., citing Gladwell v. Holcomb (1899),60 Ohio St. 427. Holding the month-to-month tenant to a new lease term, as Johnson elected to do, would obligate the tenant to pay another full month's rent, even if he actually held over for only a short time. Accordingly, the trial court erred in finding that it would be inequitable to charge Brown a full month's rent for holding over one day. This is precisely what the law allows. However, Ohio law also provides that a landlord has a duty to make reasonable efforts to mitigate damages in such a situation. Tincher v. Interstate Precision Tool Corp.,
Montgomery App. No. 19093, 2002-Ohio-3311. Because we do not have a transcript, it is impossible for us to determine whether Johnson did make reasonable efforts to rent the property after Brown's departure that, if successful, would have reduced the amount owed by Brown for the period of February 9 through March 8, 2000. Thus, we cannot determine the amount properly owed by Brown. We will remand this matter to the trial court for a determination of this issue.
 {¶ 33} The tenth and eleventh assignments of error are sustained.
 {¶ 34} "XIII. As A Matter Of Law, Municipal Court Judge Carey Erred When He Did Not Allow The Appellant To Review The Transcript Of The Magistrate[`]s Hearing. The Transcript Was Public Record And Used By The Judge To Change The Finding Of Facts And Reduce The Appellant's Award."
 {¶ 35} Johnson believes that a transcript of the proceedings before the magistrate exists to which he was not allowed access. He is mistaken in this belief. Although the trial court's entry makes reference to "the entire Transcript of the Proceedings" and to the presentation of the facts in the case, we have confirmed with the clerk of courts that no transcript of the hearing before the magistrate was ever ordered in this case. The trial judge's reference to the transcript of proceedings referred to the entire record of the case, not a verbatim transcription of the hearing. As such, Johnson was not denied access to any such document.
 {¶ 36} The thirteenth assignment of error is overruled.
 {¶ 37} The judgment of the trial court will be affirmed in part, reversed in part, and remanded (1) for correction of the amount of the award as discussed under the first assignment, and (2) for adjustment of that award, if any, after consideration of the mitigation of damages issue, as discussed under the tenth and eleventh assignments.
BROGAN, J., concurs.