DECISION AND JUDGMENT ENTRY
{¶ 1} Appellants appeal from a summary judgment granted by the Williams County Court of Common Pleas to appellees Milford Township, Board of Trustees and Ward Construction Company. Because we conclude that the trial court properly granted appellees' motion for summary judgment, we affirm. *Page 2 
 {¶ 2} On the morning of September 3, 2005, appellants Craig and Dawn Mosler's 17-year-old daughter, Sonya Mosler, was injured in a single-vehicle accident near the intersection of Township Road "A" and County Road 5-50 in St. Joseph Township, Williams County, Ohio.
 {¶ 3} According to Sonya Mosler's deposition testimony, she was traveling west towards the intersection when suddenly her car began to fishtail in loose gravel. Mosler's attempts to regain control failed. The car slid off the road into a ditch, resulting in her injury.
 {¶ 4} It is undisputed that approximately three days before the accident, appellee Ward Construction ("Ward") resurfaced the section of Road "A" where the accident later occurred. Ward performed the work pursuant to a contract with the Defiance County Board of Commissioners who, in turn, represented appellee Milford Township (Defiance County), Board of Trustees ("trustees"). Appellee trustees maintained Road "A" under a written agreement with the St. Joseph Township, Board of Trustees.[1]
 {¶ 5} The resurfacing work performed by appellee Ward involved a three-step process. First, asphalt was poured onto the section of road under repair. Second, loose stones were spread over the asphalt. Finally, a machine pressed the stones into the asphalt and flattened the composite surface. At the conclusion of this process, scatterings of loose stones remained on the road's new surface. *Page 3 
 {¶ 6} Before appellee Ward began the project, appellee trustees consulted with engineers from Defiance and Williams counties. According to Milford Township trustee Thomas Dietsch, appellee trustees decided that the loose stones remaining at the conclusion of the repaving process should be left on the road's surface instead of swept away. In an affidavit submitted in support of the motion for summary judgment, Dietsch averred that trustees made this decision based on five factors: (1) it is common practice; (2) it extends the life of the road; (3) it slows vehicular traffic; (4) it does not create a danger to ordinary traffic; and (5) availability of "fiscal resources."
 {¶ 7} On May 3, 2006, appellants filed a complaint against St. Joseph Township Board of Trustees for damages resulting from the accident. On June 15, 2006, appellants amended the complaint to include Milford Township Board of Trustees. On August 24, 2006, appellants dismissed their complaint against St. Joseph Township Board of Trustees. On October 24, 2006, appellants amended the complaint to include Ward Construction.
 {¶ 8} On July 31, 2007, appellees filed a motion for summary judgment arguing that no genuine issues of material fact existed for consideration by the court. On September 17, 2007, the trial court granted appellees' motion, stating: (1) appellees were immune from liability under the sovereign immunity provisions set forth at R.C. Chapter 2744; and (2) appellants' causes of action were barred by R.C.2744.03(A)(3) and (A)(5).
 {¶ 9} From that judgment, appellants now bring this appeal, setting forth the following three assignments of error: *Page 4 
 {¶ 10} "1. THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING APPELLEES' MOTION FOR SUMMARY JUDGMENT BY DETERMINING THAT THE LOOSE STONE DID NOT CONSTITUTE A NUISANCE OR OBSTRUCTION.
 {¶ 11} "2. THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING APPELLEES' MOTION FOR SUMMARY JUDGMENT BY DETERMINING THAT THE CHOICE TO ERECT SIGNAGE, WARNING OF A DANGEROUS HAZARD, WAS A DISCRETIONARY FUNCTION FOR PURPOSES OF APPLYING SOVEREIGN IMMUNITY TO POLITICAL SUBDIVISIONS.
 {¶ 12} "3. THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING APPELLEES' MOTION FOR SUMMARY JUDGMENT BY DETERMINING THAT THE DECISION TO ALLOW LOOSE STONES TO REMAIN IN THE REGULARLY TRAVELED PORTION OF THE ROADWAY WAS A DISCRETIONARY FUNCTION FOR PURPOSES OF APPLYING SOVEREIGN IMMUNITY TO POLITICAL SUBDIVISIONS."
 {¶ 13} An appellate court reviews a trial court's granting of summary judgment de novo, applying the same standard used by the trial court.Lorain Natl. Bank v. Saratoga Apts. (1989), 61 Ohio App.3d 127, 129;Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. Ultimately, summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in *Page 5 
favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R.56(C).
 {¶ 14} When seeking summary judgment, a party must specifically delineate the basis upon which the motion is brought, Mitseff v.Wheeler (1988), 38 Ohio St.3d 112, syllabus, and identify those portions of the record that demonstrate the absence of a genuine issue of material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. When a properly supported motion for summary judgment is made, an adverse party may not rest on mere allegations or denials in the pleading, but must respond with specific facts showing that there is a genuine issue of material fact. Civ.R. 56(E); Riley v. Montgomery (1984),11 Ohio St.3d 75, 79. A "material" fact is one which would affect the outcome of the suit under the applicable substantive law. Russell v. Interim Personnel,Inc. (1999), 135 Ohio App.3d 301, 304; Needham v. Provident Bank (1996),110 Ohio App.3d 817, 826, citing Anderson v. Liberty Lobby, Inc. (1986),477 U.S. 242, 248.
 {¶ 15} Since appellants' first and third assignments of error are related, we will discuss them together. Appellants argue that the trial court erred by deciding that the loose stones left over from work performed on the road did not constitute a nuisance or obstruction. Appellants argue that there are genuine issues of material fact as to whether the presence of loose stones on the road meet the standard set by the relevant exception to R.C. 2744.02(A)(1).
 {¶ 16} R.C. 2744.02(A)(1), in material part, provides: "[T]he functions of political subdivisions are hereby classified as governmental functions and proprietary functions. *Page 6 
Except as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function."
 {¶ 17} R.C. 2744.02(B)(3) (emphasis added) exempts political subdivisions from immunity "* * * for injury, death, or loss to person or property caused by their negligent failure to keep public roads in repair and other negligent failure to remove obstructions from public roads * * *." The word "obstruction," as used in R.C. 2744.02(B)(3), can be synonymous with "nuisance." Manufacturer's Natl. Bank of Detroit v.Erie Cty. Rd. Comm. (1992), 63 Ohio St.3d 587, at paragraph one of the syllabus.
 {¶ 18} To determine whether a condition in the right of way of a road should be deemed a nuisance and, therefore, exempt from immunity, a plaintiff must both "* * * establish] that the condition alleged to constitute a nuisance creates a danger for ordinary traffic on the regularly travelled portion of the road [and] that the cause of the condition was other than a decision regarding design and construction. * * * Both prongs of this test require the resolution of issues of fact."Haynes v. City of Franklin, 95 Ohio St.3d 344, 348, 2002-Ohio-2334, ¶ 18.
 {¶ 19} In this matter, appellees presented deposition testimony from a township trustee who averred that the decision not to remove loose stone from the pavement was a conscious decision predicated on considered advantages. This testimony is sufficient to establish that the condition that appellants contend caused Sonya Mosler's crash was the *Page 7 
result of a decision regarding design or construction. Appellants failed to come forth with any evidence rebutting this testimony. Consequently, appellees were entitled to summary judgment on this issue. Accordingly, appellants' first and third assignments of error are not well-taken.
 {¶ 20} In their second assignment of error, appellants argue that the trial court erred in deciding that the R.C. 2744.02(B)(3) exception did not apply because appellees' decision not to place temporary signage next to the portion of the road where the repaving occurred constituted a nuisance. Appellants cite two appellate court cases to argue that the absence of temporary signage constitutes a nuisance: Howe v. JacksonTwp. Bd. of Trustees (1990), 67 Ohio App.3d 159, and Davis v.McClain (Nov. 2, 1992), 7th Dist. No. 614.
 {¶ 21} The Ohio Supreme Court "has never held that defective design or construction or lack of signage constitutes a nuisance." Franks v.Lopez (1994), 69 Ohio St.3d 345, 349. Further, neither the court nor statutes "make a distinction between permanent and temporary signs."Schaffer v. Bd. of County Commrs. of Carrol County (Dec. 7, 1998), 7th Dist. No. 672. Consequently, it makes no difference whether a sign be temporary or permanent because the lack thereof in either case does not amount to a nuisance.
 {¶ 22} As the Schaeffer court pointed out, in the Howe case, there was a question of fact as to whether a nuisance existed and the parties arguing that the statutory defenses to the R.C. 2744.02(B)(3) exception applied. Id. In the Davis case, the Schaeffer court *Page 8 
noted that while the decision "* * * does not directly deal with the issue as to whether enough facts were presented to overcome immunity under the nuisance exception, the parties themselves seem to accept this as they focus their arguments entirely on lack of signage." Id.
 {¶ 23} In this case, it is immaterial as to whether there is a question of fact, appellants failed to establish the existence of a nuisance. Therefore, appellants cannot argue for the exception over the defenses.
 {¶ 24} Appellants' second assignment of error is not well-taken.
 {¶ 25} On consideration whereof, the judgment of the Williams County Court of Common Pleas is affirmed. Appellants are ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Williams County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4. *Page 9 
Arlene Singer, J., William J. Skow, J., Thomas J. Osowik, J., CONCUR.
[1] Originally a named defendant, St. Joseph Township was eventually voluntarily dismissed from the case. *Page 1