[Cite as *Troknya v. Wild Wings, Inc.*, 2016-Ohio-7700.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

Marguerite Troknya

       Appellant

v.

Wild Wings, Inc., et al.

       Appellees

Court of Appeals No. OT-16-005

Trial Court No. 14CV286

**DECISION AND JUDGMENT**

Decided:  November 10, 2016

* * * * *

Jeffrey Swiech, for appellant.

Lorri J. Britsch, for appellees.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Marguerite Troknya, appeals the February 3, 2016 judgment of the Ottawa County Court of Common Pleas granting summary judgment in favor of appellees, Dennis Felton, and Wild Wings Inc. (collectively "appellee").  For the reasons that follow, we affirm.

**Assignment of Error**

{¶ 2} Appellant sets forth the following assignment of error:

I. The trial court erred when it granted summary judgment in favor of Appellee Wild Wings Inc.

**Background Facts**

{¶ 3} On July 23, 2015, appellant testified at deposition that on September 7, 2012, she entered appellee's convenience store, which is small and only has four aisles. Appellant was familiar with the store and worked at or visited it during the previous four years.

{¶ 4} As she proceeded to the check-out counter that day, appellant testified she slipped in liquid. Appellant did not notice the liquid before she fell, or any warning wet-floor signs. Appellant was wearing sandals and walking as normal. After the fall, appellant remained on the floor for a few moments and was helped up by an unknown customer. Appellant claims to have been soaked. She could not confirm the source of the clear liquid.

{¶ 5} Appellant testified the area of the fall was in plain sight of two employees. Appellant asserts the employees laughed at her instead of assisting her and one employee actually stated, "better go put out the wet sign." As a result of the fall and laughing, appellant suffered from humiliation, lower back pain and a knee injury.

{¶ 6} On July 23, 2015, Dennis Felton, the owner of Wild Wings, testified to events which transpired after appellant fell on September 7, 2012. Appellee received a

2.

call from his employee, Nioka Weichman, about the fall. Appellee was not at the store but immediately went there to inspect the area and review the surveillance tape. Appellee testified during deposition that inspecting the area revealed no moisture or water. Appellee testified he reviewed the tape and saw no fall. He also said the tape revealed no patrons or employees in the particular area for 20 to 30 minutes prior to the time appellant supposedly fell. Appellee testified he eventually erased the video because there was no reason to save it.

{¶ 7} Weichman also testified. She and another employee were talking to a customer when appellant claimed she fell. Weichman stated she and her co-employee were not laughing at appellant because they did not see her fall. Appellant stormed out of the store angrily and mentioned calling a lawyer. After appellant left, Weichman immediately inspected the area of the alleged fall and called appellee. She did not see any liquid.

{¶ 8} On September 4, 2014, appellant filed a complaint and demanded a jury trial. On September 20, 2015, appellee filed for summary judgment. Appellant opposed summary judgment, but the trial court granted it based on appellant failing to establish appellee had notice of the liquid. An entry was journalized February 3, 2016, and it is from this judgment appellant now appeals.

**Standard of Review**

{¶ 9} When reviewing a trial court's summary judgment decision, the appellate court conducts a de novo review. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105,

3.

671 N.E.2d 241 (1996). Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). *Accord Lopez v. Home Depot, USA, Inc.*, 6th Dist. Lucas No. L-02-1248, 2003-Ohio-2132, ¶ 7.

{¶ 10} When a properly supported motion for summary judgment is made, an adverse party may not rest on mere allegations or denials in the pleading, but must respond with specific facts showing that there is a genuine issue of material fact. Civ.R. 56(E); *Riley v. Montgomery*, 11 Ohio St.3d 75, 79, 463 N.E.2d 1246 (1984).

{¶ 11} In the sole assignment of error, appellant asserts there is a genuine issue of material fact as to whether appellee should have had reason to know of the liquid's existence as a hazard to customers. Appellee contends appellant failed to establish how long the liquid had been there or whether appellee had notice of the hazard.

{¶ 12} To maintain an action for negligence, the plaintiff must show an owed duty of care, breach of that duty, and proximately caused injuries. *Texler v. D.O. Summers Cleaners & Shirt Laundry Co.*, 81 Ohio St.3d 677, 680, 693 N.E.2d 271 (1988). An owner or occupier of land owes an "invitee" a duty of ordinary care to maintain the premises in a reasonably safe condition and a duty to warn of "latent or hidden dangers." *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, ¶ 5. Therefore, because appellant here was a customer or business "invitee," *id.*, appellee owed her a duty of ordinary care from any latent dangers.

4.

**{¶ 13}** Where negligence revolves around the existence of a hazard, notice, either actual or constructive, of such hazard is a prerequisite to the duty of reasonable care. *Heckert v. Patrick*, 15 Ohio St.3d 402, 405, 473 N.E.2d 1204 (1984). To prevail on a slip-and-fall claim, plaintiff must show: (1) defendant was responsible for the hazard; (2) defendant had actual knowledge of the hazard and did not give notice or remove it; or, (3) "the hazard existed for such a length of time that it would have been discovered in the exercise of ordinary care." *Strzesynski v. Franks Nursery & Crafts, Inc.*, 6th Dist. Lucas No. L-02-1103, 2002-Ohio-4348, ¶ 4, citing *Johnson v. Wagner Provision Co.*, 141 Ohio St. 584, 589, 49 N.E.2d 925 (1943).

**{¶ 14}** Here, appellant testified she could not ascertain the source of the liquid and that she had no knowledge of how long the liquid had been present before her fall. Appellee testified further that no liquid is ever in that area of the store, and neither he nor Weichman found liquid or moisture in or around the area after the fall. Moreover, appellee stated he and Weichman reviewed the video and saw no one spill water in the area before the fall. Weichman also testified she did not see any liquid before appellant fell, despite working within 14 feet of the area that day. Consequently, no evidence was presented in the record to demonstrate the duration of time the alleged hazard existed.

**{¶ 15}** Based on our de novo review, we conclude the record is devoid of evidence revealing the alleged hazard existed for such a length of time that it would have been discovered in the exercise of ordinary care. There remains no genuine issue of material fact and, despite construing the evidence most strongly in favor of appellant, reasonable

5.

minds can only conclude appellee was entitled to judgment as a matter of law.  The trial court did not err in granting summary judgment.

{¶ 16} Accordingly, appellant's sole assignment of error is not well-taken.

## Conclusion

{¶ 17} The judgment of the Ottawa County Court of Common Pleas is hereby affirmed.  Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

Arlene Singer, J.

James D. Jensen, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE