[Cite as *Deeb v. Bailey*, 2017-Ohio-340.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

David M. Deeb

      Appellant

v.

Kenneth Ronald Bailey, et al.

      Appellees

Court of Appeals No. E-16-023

Trial Court No. 2015CV0454

**DECISION AND JUDGMENT**

Decided: January 27, 2017

* * * * *

James H. Banks, for appellant.

Timothy D. Johnson, for appellees.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a judgment of the Erie County Court of Common Pleas that granted summary judgment in favor of appellees K. Ronald Bailey, the Bailey Legal Group and K. Ronald Bailey & Associates on appellant's legal malpractice claims. For the following reasons, the judgment of the trial court is affirmed.

{¶ 2} The undisputed facts relevant to the issues raised on appeal are as follows. In 2011, appellant retained attorney K. Ronald Bailey ("appellee") to represent him in a criminal matter in the Erie County Court of Common Pleas. Appellant had been indicted on five counts of rape and five counts of importuning for allegedly soliciting through a telecommunications device and engaging in sexual conduct with a minor under the age of 13. On May 21, 2012, appellant pled guilty to one count of rape and two counts of importuning. On July 26, 2012, appellant was sentenced to ten years in prison. Appellant alleges that appellee acknowledged to the trial court at sentencing that he had reviewed a letter from the victim and appellant's presentence investigation report ("PSI"), but that those items were never shared with appellant. Appellee K. Ronald Bailey disputes appellant's claim, stating that at sentencing he saw the PSI but not the victim's letter and that he had shared the contents of the PSI with appellant on August 25, 2011.

{¶ 3} Appellee withdrew from the matter on September 26, 2012. Appellant hired new counsel and appealed his conviction and sentence to this court. On November 22, 2013, this court reversed appellant's sentence and remanded the matter for resentencing only. Appellant alleges that at the resentencing hearing that occurred on July 25, 2014, the trial court indicated that the letter from the victim had been "taken into consideration" during the original sentencing on July 26, 2012, along with the fact that appellant had a relationship with another 13-year-old female, all of which led the trial court to find that it was necessary to "protect society from future crimes by this defendant." Appellant also

2.

asserts that the trial court noted appellee should have disputed what was in the PSI and the victim's letter but failed to do so.

{¶ 4} Based on the foregoing concerns, appellant filed an action for legal malpractice on July 27, 2015, alleging that appellee failed to read the victim statement and PSI, failed to discuss the documents with him and failed to dispute any errors, mistakes or omissions therein with the trial court in order to provide appellant with the best possible outcome at his sentencing hearing.

{¶ 5} On October 15, 2015, appellees filed a motion for summary judgment on the sole issue of whether appellant's complaint alleging legal malpractice was barred in its entirety by the applicable one-year statute of limitations. On October 29, 2015, appellant requested, and subsequently was granted, a 30-day extension of time to respond. On November 30, 2015, appellant requested and received a second extension of time giving him an additional 21 days. Appellant filed his brief in opposition to summary judgment along with a motion for additional time to conduct discovery on December 21, 2015, which was granted on January 21, 2016. Appellees filed a reply brief on January 15, 2016, after receiving one extension of time. On February 29, 2016, appellant requested a fourth extension of time for 90 days, which the trial court denied on March 7, 2016.

{¶ 6} On March 11, 2016, the trial court granted appellees' summary judgment motion, finding that appellant had not filed the action within the applicable statute of limitations.

3.

**{¶ 7}** Appellant sets for the following assignments of error:

Assignment of Error No. 1

The trial court erred in granting summary judgment on plaintiff-appellant's claims, such that the judgment below must be reversed.

Assignment of Error No. 2:

The trial court erred in determining defendants' motion for summary judgment without allowing the plaintiff sufficient time to conduct discovery.

**{¶ 8}** When reviewing a trial court's summary judgment decision, the appellate court conducts a de novo review. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241(1996). Summary judgment will be granted when there are no genuine issues of material fact, and when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 67, 375 N.E.2d 46 (1978). When a properly supported motion for summary judgment is made, the adverse party may not rest on mere allegations or denials in the pleading, but must respond with specific facts showing that there is a genuine issue of material fact. Civ.R. 56(E); *Riley v. Montgomery*, 11 Ohio St.3d 75, 79, 463 N.E.2d 1246 (1984).

**{¶ 9}** R.C. 2305.11(A) requires an action for legal malpractice be brought within one year after the cause thereof accrues. As the Ohio Supreme Court explains in *Zimmie v. Calfee, Halter and Griswold*, 43 Ohio St.3d 54, 58, 538 N.E.2d 398 (1989):

4.

Under R.C. 2305.11(A), an action for legal malpractice accrues and the statute of limitations begin to run when there is a *cognizable event* whereby the client discovers or should have discovered that his injury was related to his attorney's act or non-act and the client is put on a notice of a need to pursue his possible remedies *or* when the attorney-client relationship for that particular transaction or undertaking terminates, whichever occurs later. [Emphasis added.]

{¶ 10} Accordingly, a trial court must determine two dates: the date on which the "cognizable event" occurred, and the date on which the attorney/client relationship for that particular transaction terminated. After determining both dates, the trial court must then determine which is later; that date will be the date on which the cause of action accrued.

{¶ 11} As to the issue of the cognizable event in this case, appellant asserted in his complaint that the legal malpractice occurred when appellee failed to review the letter from the victim along with appellant's PSI, failed to communicate the information contained therein to appellant, and failed to dispute the contents of those documents with the trial court at appellant's sentencing hearing on July 26, 2012. Each of those acts occurred on or before the sentencing hearing. Appellant was present at the sentencing hearing, at which time he asked appellee about the PSI. That is sufficient to show that appellant had constructive knowledge of the facts that might have supported his claim of malpractice. Accordingly, the pivotal event was appellant's constructive knowledge of

5.

the existence of a potential improper act by appellee, which occurred at the original sentencing hearing on July 26, 2012.

{¶ 12} Therefore, the cognizable event occurred no later than July 26, 2012. Further, the record reflects that the parties' attorney-client relationship terminated September 26, 2012, when the trial court granted Bailey's motion to withdraw from his representation of appellant. Accordingly, pursuant to *Zimmie, supra*, the statute of limitations for appellant's legal malpractice claim began to run on September 26, 2012. Appellant's complaint was filed on July 27, 2015, clearly beyond the one-year statute of limitations. Based on the foregoing, appellant was barred from bringing his claim against appellee and his firm, and summary judgment was appropriate as a matter of law.

{¶ 13} Appellant's first assignment of error is not well-taken.

{¶ 14} Based on our finding above as to the applicable statute of limitations, appellant's second assignment of error as to the trial court's denial of his fourth request for an extension of time to conduct additional discovery is moot.

{¶ 15} On consideration whereof, the judgment of the Erie County Court of Common Pleas is affirmed. Costs are assessed to appellant pursuant to App.R. 24.

Judgment affirmed.

6.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                                     _____
                                                              JUDGE

Thomas J. Osowik, J.

                                                      _____
Stephen A. Yarbrough, J.                                       JUDGE
CONCUR.

                                                      _____
                                                              JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.