[Cite as *Arnold v. Spencer Twp. Bd. of Trustees*, 2020-Ohio-4706.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Carleton Robert Arnold

     Appellee

v.

Spencer Township Board of Trustees

     Appellant

Court of Appeals No. L-19-1094

Trial Court No. CI0201701709

**DECISION AND JUDGMENT**

Decided:  September 30, 2020

* * * * *

David A. Nacht and Adam M. Taub, for appellee.

Patrick Kasson and Rachel Coles, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Spencer Township Board of Trustees, appeals the December 20, 2018 judgment of the Lucas County Court of Common Pleas granting summary judgment to the appellee, Carleton Arnold.  In addition, appellant appeals the April 3, 2019 decision by the Lucas County Court of Common Pleas interpreting the severance

provision as liquidated damages and granting appellee damages without a hearing. For the reasons set forth below, the judgments of the Lucas County Court of Common Pleas are reversed.

{¶ 2} Appellee began working for the Spencer Township Fire Department in 2013, which was governed by appellant's three elected members. There were roughly 25 employees at the fire department, including a fire chief, three captains, and part-time or volunteer fire fighters and medics.

{¶ 3} Appellee began his career at the fire department as a part-time paramedic in 2013. In early 2014, a new position was created and appellee was promoted to lieutenant of safety. After a year in this position, appellee was promoted again to captain of fire prevention. In 2015, the fire chief failed to perform his duties and appellee began performing some of the fire chief's administrative duties. Subsequently, in June 2015, appellant officially appointed appellee to acting fire chief.

{¶ 4} At a December 2015 meeting held by appellant, appellee was officially appointed fire chief. Appellant passed a resolution titled "Spencer Township Employment Contract and Job Description for: Carleton R. Arnold." This resolution outlined appellee's duties, increased his salary, and included a clause which provided: "Should [appellant] find it necessary to terminate [appellee], his severance pay is 80% of the remainder of the contract." The contract had a three-year term from January 1, 2016 through December 31, 2018. The contract was approved and adopted by appellant.

2.

{¶ 5} On April 20, 2016, appellant voted to close the fire department and informed appellee his position would be abolished. Appellee continued to serve as the fire chief until June 30, 2016, when the fire department was closed. The duties of the fire department were then contracted out to the neighboring Springfield Township. The former employees of fire department were encouraged to apply for positions with the neighboring Springfield Fire Department.

{¶ 6} Appellee made every effort to find comparable work, including as a firefighter at Springfield Fire Department. However, a position with that fire department would not begin until December 2016 or January 2017. Appellee then accepted a conditional offer of employment from Lake Superior State University and withdrew his application from the Springfield Fire Department. Because of complications with his daughter's health, he was unable to work for Lake Superior State University and instead took a temporary position with the Salvation Army and a full-time position for ProMedica in October 2016. Appellee was unemployed from July 2016 through October 2016.

{¶ 7} On February 22, 2017, appellee filed suit for breach of contract because appellant refused to pay appellee any severance pay based on the terms of the contract. Appellee demanded payment in the amount of $68,566.80 because appellant failed to follow the obligations under the severance clause of the employment agreement.

{¶ 8} On August 27, 2018, appellant moved for summary judgment arguing the contract was void because appellant did not have the statutory authority to enter into

3.

appellee's employment contract. The record indicates the appellee opposed the motion for summary judgment, but did not file his own motion for summary judgment in response.

{¶ 9} On December 20, 2018, the trial court denied appellant's motion for summary judgment and granted summary judgment in favor of appellee. The trial court rejected appellant's argument that it lacked the authority to enter into a written employment contract with appellee and determined that appellant violated the contract by refusing to pay him according to the severance provision of his employment agreement. Appellant then filed a motion for reconsideration arguing that because appellee's termination was a layoff, it did not fall within the definition of "terminate" under the contract. The trial court also rejected this argument in its December 20, 2018 decision. The trial court provided parties 45 days to brief the issue of damages.

{¶ 10} Following the trial court's determination that appellee was entitled to summary judgment, appellant filed a motion for reconsideration and the briefing on damages was stayed pending the trial court's decision on the motion to reconsider the summary judgment decision. Appellee filed his brief on damages before the trial court rendered its decision on the motion to reconsider. The trial court overruled the motion to reconsider on March 6, 2019, and provided appellant seven days to file its own brief on damages.

{¶ 11} On March 18, 2019, without a timely filed brief from the appellant, the trial court determined appellee's damages and ordered appellee to provide a proposed

4.

judgment entry determining costs of the action, interest on the judgment, and the total amount appellee was due. This judgment entry was filed on April 4, 2019.

{¶ 12} On March 22, 2019, appellant moved to file its damages brief instanter and on March 26, 2019, appellant filed a motion to reconsider the damages decision. On April 4, 2019, the trial court granted appellant's motion to file its damages brief instanter and denied appellant's motion to reconsider the damages hearing. In this decision, the trial court determined that the damages in this matter were liquidated damages and that appellant could not bring the affirmative defense that the liquidated damages were a penalty because they waived the ability to bring that affirmative defense.

{¶ 13} Appellant brings forth five assignments of error for our review:

Appellant's Assignment of Error No. I: The Trial Court erred in issuing an Order sua sponte, granting summary judgment in favor of a non-moving party because Spencer Township did not have the opportunity to present their evidence and arguments.

Appellant's Assignment of Error No. II: The Trial Court erred in issuing an Order sua sponte, granting summary judgment in favor of a non-moving party because as a matter of law reasonable minds can only come to but one conclusion in favor of Spencer Township.

Appellant's Assignment of Error No. III: The Trial Court erred in interpreting the severance provision as a liquidated damages clause because

5.

the damages are easily ascertainable and compensatory damages is the appropriate measure.

Appellant's Assignment of Error No. IV: The Trial Court erred in their calculation of damages.

Appellant's Assignment of Error No. V: The Trial Court erred in not holding a hearing on damages.

{¶ 14} We address appellant's second assignment of error first.

### Standard of Review

{¶ 15} An appellate court reviews a trial court's summary judgment decision de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Summary judgment will be granted when no genuine issues of material fact exist when after, construing all the evidence in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). *Accord Lopez v. Home Depot, USA, Inc.*, 6th Dist. Lucas No. L-02-1248, 2003-Ohio-2132, ¶ 7. When a properly supported motion for summary judgment is made, an adverse party may not rest on mere allegations or denials in the pleading, but must respond with specific facts showing there is a genuine issue of material fact. Civ.R. 56(E); *Riley v. Montgomery*, 11 Ohio St.3d 75, 79, 463 N.E.2d 1246 (1984).

{¶ 16} A de novo review requires an independent review of the trial court's decision without any deference to the trial court's determination. *Grafton* at 105. A trial court shall grant summary judgment only where: (1) no genuine issue of material fact

6.

remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. Civ.R. 56(C); *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 65-66, 375 N.E.2d 46 (1978).

## Analysis

{¶ 17} "A public officer or employee holds his office as a matter of law and not contract, nor has such officer or employee a vested interest or private right of property in his office of employment." *Fuldauer v. City of Cleveland*, 32 Ohio St.2d 114, 290 N.E.2d 546 (1972), paragraph three of syllabus. *See also State ex rel. Gordon v. Barthalow*, 150 Ohio St. 499, 511-512, 83 N.E.2d 393 (1948) ("the relation between a municipal officer or municipal general employee and the municipality he serves is not ex contractu but is ex lege, and, although such officer or employee can doubtless recover for his fixed salary for services actually performed, his right of action would not be ex contractu but ex lege.").

{¶ 18} Appellee cannot bring a claim for breach of contract against appellant because as a public employee, he held his position as a matter of law, rather than as a matter of contract. Therefore, we conclude that appellee was not employed pursuant to a contract. As such, he cannot base his claim for recovery on a claim for breach of contract. We therefore find that reasonable minds can come to but one decision in favor

7.

of appellant, and that the trial court erred in denying appellant's motion for summary judgment and in granting summary judgment to appellee.

{¶ 19} We find appellant's second assignment of error well-taken. The remaining assignments of error are therefore moot.

{¶ 20} We therefore reverse the December 20, 2018 and April 4, 2019 judgments of the Lucas County Court of Common Pleas.  Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Arlene Singer, J. _____

Christine E. Mayle, J. _____

Gene A. Zmuda, P.J. _____
CONCUR.

|  | _____ |
|  | JUDGE |
|  | _____ |
|  | JUDGE |
|  | _____ |
|  | JUDGE |

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.