DECISION AND JUDGMENT
{¶ 1} This is an accelerated appeal from a judgment of the Lucas County Court of Common Pleas which granted summary judgment in favor of appellee, King of the Road Auto Parts ("King of the Road"), and against appellant, Ana Matias-Ortiz, on her claim for damages stemming from injuries she suffered when her hand was pinched between a chain and motor, while attempting to remove the motor from a salvaged automobile. For the following reasons, the judgment of the trial court is affirmed. *Page 2 
 {¶ 2} On September 25, 2004, appellant, who was experienced with repairing engines and vehicles, testified that she went to a "cash and carry" automobile parts sale at a salvage yard located at 200 S. Mielke Road, Holland, Ohio ("Mielke Road property"). Appellant heard of the sale by word of mouth, specifically from Mark Gorney ("Gorney"), owner of the Mielke Road property, and from employees at King of the Road.[1] According to appellant, she purchased automobile parts from the Mielke Road property on approximately four prior occasions. Appellant believed that the Mielke Road property was associated with King of the Road, but testified that there were no signs on the Mielke Road property indicating that it was owned or operated by King of the Road.
 {¶ 3} On September 25, 2004, in exchange for the $25 entrance fee, appellant testified that she could remove anything from the Mielke Road property that she could carry. Appellant testified that if she was unable to carry any of the automobile parts herself, she could negotiate for assistance with the men who were collecting the entrance fee at the gate. Appellant attempted to remove a motor from a 1989 Chrysler LeBaron, but was unable to do so, and requested the assistance of David Rumbart, who was an experienced forklift operator. Appellant negotiated a payment of $15 in exchange for Rumbart's assistance. *Page 3 
 {¶ 4} While Rumbart retrieved a forklift from King of the Road[2] to remove the motor, the second man working the gate, Mike Burkett, secured the motor with a chain. After two unsuccessful attempts to remove the motor with the forklift and chain, appellant asked to adjust the chain herself. While appellant was adjusting the chain, Rumbart raised the forklift, pinching appellant's hand between the chain and the motor, and causing injury to appellant's right hand. The injury resulted in the amputation of appellant's right index finger.
 {¶ 5} At the time of the injury, Gorney and his now deceased wife, Linn Gorney, owned the Mielke Road property. Gorney is also a shareholder of Victory Steel, LLC ("Victory Steel"), which owns King of the Road. Gorney worked at King of the Road and took over its operation after his wife's death. According to Gorney, neither Victory Steel nor King of the Road have any ownership interest in the Mielke Road property. Gorney testified that the salvaged automobiles and automobile parts located at the Mielke Road property belonged to him personally and were either abandoned by the previous owners or purchased by him at public auctions. Gorney allowed persons to take any of the automobile parts off the Mielke Road property, on the day of the sale, on condition that they remove the parts by themselves, assume any and all risk associated with removing the parts, and pay the $25 entrance fee. Gorney hired Rumbart and Burkett to *Page 4 
watch the front and back gates and collect the $25 entrance fee at the Mielke Road property. At the time, Rumbart was an employee of King of the Road; however, Gorney testified that he hired Rumbart and Burkett in his personal capacity, as owner of the Mielke Road property, and not on behalf of King of the Road or Victory Steel.
 {¶ 6} On June 23, 2005, appellant filed a complaint in Toledo Municipal Court. Appellant alleged that King of the Road "negligently failed to keep their premises safe for all business invitees."
 {¶ 7} On October 21, 2005, default judgment was entered against King of the Road for failure to answer within the allotted time period. On November 8, 2005, King of the Road filed a Civ. R. 60(B) motion to vacate the default judgment, which was granted on November 18, 2005. On August 31, 2006, appellant filed a motion to transfer the case from Toledo Municipal Court to the Lucas County Court of Common Pleas. Appellant's motion was granted and the case was transferred on January 5, 2007.
 {¶ 8} On December 21, 2007, King of the Road filed a motion for summary judgment arguing that it did not own the Mielke Road property or the items thereon, it never conducted a sale or supplied any employees for the sale on the Mielke Road property. Appellant responded that King of the Road held itself out as the party in control of the Mielke Road property and/or sale because King of the Road's employees collected the $25 entrance fee, King of the Road's forklift was used during the attempted extraction of the motor from the salvaged vehicle, King of the Road employees informed *Page 5 
appellant about the Mielke Road sale, and that King of the Road was liable, through its employee's negligence, for appellant's injury.
 {¶ 9} On March 10, 2008, the Lucas County Court of Common Please granted King of the Road's motion for summary judgment, finding that appellant failed to submit any admissible evidence challenging the evidence that Gorney, not King of the Road, was the owner of the Mielke Road property and that Burkett and Rumbart were hired by Gorney to work the gate during the Mielke Road sale.
 {¶ 10} Appellant filed a timely appeal and raises the following assignment of error:
 {¶ 11} "The Court of Common Pleas of Lucas County erred in granting Defendant's motion for summary judgment by finding: (1) that Plaintiff failed to present evidence to support the fact that Defendant had an ownership in the premises upon which Plaintiff was injured; and (2) that Plaintiff failed to present evidence to support the fact that the tortfeasor was Defendant's employee."
 {¶ 12} We note at the outset that an appellate court reviews a trial court's granting of summary judgment de novo, applying the same standard used by the trial court. Lorain Natl. Bank v. Saratoga Apts. (1989),61 Ohio App.3d 127, 129. The motion for summary judgment may be granted only when it is demonstrated:
 {¶ 13} "* * * (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the *Page 6 
motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64, 67, Civ. R. 56(C). In deciding whether a genuine issue of material fact precludes the grant of summary judgment, a court must adhere to Civ. R. 56(C) and view the evidence in a light most favorable to the nonmoving party. Turner v. Turner (1993),67 Ohio St.3d 337, 341.
 {¶ 14} When seeking summary judgment, a party must specifically delineate the basis upon which the motion is brought, Mitseff v.Wheeler (1988), 38 Ohio St.3d 112, syllabus, and identify those portions of the record that demonstrate the absence of a genuine issue of material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. When a properly supported motion for summary judgment is made, an adverse party may not rest on mere allegations or denials in the pleading, but must respond with specific facts showing that there is a genuine issue of material fact. Civ. R. 56(E); Riley v. Montgomery (1984),11 Ohio St.3d 75, 79. A "material" fact is one which would affect the outcome of the suit under the applicable substantive law. Russell v. Interim Personnel,Inc. (1999), 135 Ohio App.3d 301, 304; Needham v. Provident Bank (1996),110 Ohio App.3d 817, 826, citing Anderson v. Liberty Lobby, Inc. (1986),477 U.S. 242, 248.
 {¶ 15} On appeal, appellant contends in subsection (1) of her assignment of error that summary judgment was inappropriately granted in favor of appellee because a genuine issue of material fact exists as to whether King of the Road had an ownership interest in the Mielke Road. Specifically, appellant asserts that the Mielke Road property *Page 7 
functioned as an extension of King of the Road, King of the Road's forklift was used at the Mielke Road property, and the sale at the Mielke Road property was staffed with King of the Road employees. In response, King of the Road asserts that it is does not own the Mielke Road property, that it was owned and operated by Mark Gorney and Linn Gorney at the time of appellant's injury, that King of the Road did not own or sell the used motor or the salvaged vehicles and parts involved in the incident, and that it did not provide any employees or agents for the Mielke Road sale.
 {¶ 16} In Brown v. Cleveland Baseball (1952), 158 Ohio St. 1, 5, the court held:
 {¶ 17} "One having neither occupation nor control of premises ordinarily has no such duty with respect to the condition or use of those premises. In order to have the occupation or control of premises necessary to impose such a duty as to particular individuals, one must ordinarily have or exercise the power and the right to admit such individuals to the premises or to exclude them from the premises."
 {¶ 18} Accordingly, in order to establish King of the Road's liability, we find that appellant had to establish that King of the Road was the owner of the premises, or the entity in control of the premises, on which the injury was sustained. Upon a thorough review of the record, we find that appellant failed to offer any evidence that King of the Road owned or controlled the real property where appellant claimed to have been injured. Moreover, there is no evidence that King of the Road sponsored, advertised, or received any profits or payments from the Mielke Road sale, or that King of the Road exercised any power, or had any right, to admit business invitees to the Mielke Road sale. There *Page 8 
was also no evidence that King of the Road owned or sold the used motor or the salvaged vehicle involved in appellant's injury.
 {¶ 19} Rather, the evidence establishes that, at the time of appellant's injury, the Mielke Road property was owned by Mark and Linn Gorney, husband and wife, and was used as a storage facility for Gorney's private property. The sale at the Mielke Road property was operated by Gorney, who, in his individual capacity, hired Rumbart and Burkett to work the sale on the day of appellant's injury. Gorney received the $25 entrance fee collected from those, including appellant, who attended the Mielke Road sale, and allowed those who paid the entrance fee to take away whatever they could personally carry. We further note that the forklift used by Rumbart to remove the motor from the salvaged vehicle was owned by Linn Gorney, not King of the Road.
 {¶ 20} Appellant may have assumed that the businesses were connected; however, there is no indication that any owner or employee made such a representation to appellant, the properties were not adjacent, there was no signage indicating that the Mielke Road property had any connection with King of the Road's business, and, by contrast, unlike the procedure at the Mielke Road sale, King of the Road would not allow unaccompanied customers into its yard to collect used parts, and any merchandise purchased was loaded into the customers' vehicles by King of the Road employees. Accordingly, we find that appellant failed to establish that a genuine issue of material fact exists regarding whether King of the Road owned, operated, or controlled the premises on which appellant was injured. *Page 9 
 {¶ 21} Appellant, however, additionally asserts in subsection (2) of her assignment of error that the trial court erred in granting summary judgment on the basis that appellant failed to present evidence to support the fact that the alleged tortfeasor was King of the Road's employee. Appellant contends that the two men present at the Mielke Road sale, Rumbart and Burkett, were employees of King of the Road. In response, appellee asserts that it did not provide any employees or agents to assist in any manner with the Mielke Road sale. King of the Road contends that Gorney owned the property where appellant was injured, and that Gorney, in his individual capacity, hired Rumbart and Burkett "on the side" to work the Mielke Road sale.
 {¶ 22} The evidence demonstrates that Gorney, not King of the Road, owned the Mielke Road property and operated the sale, during which appellant's hand was injured. As such, we find that there is no evidence that Rumbart and Burkett were at the Mielke Road property on behalf of King of the Road. Moreover, according to appellant's deposition, Rumbart was working on his own at the time of her injury, and she had independently hired and paid him to assist her with the motor's removal.
 {¶ 23} After a thorough consideration of the record, we find that after construing the evidence in a light most favorable to appellant, reasonable minds can come to but one conclusion and that conclusion is adverse to appellant. Accordingly, we find that King of the Road was entitled to summary judgment as a matter of law. Appellant's sole assignment of error is therefore found not well-taken. *Page 10 
 {¶ 24} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., William J. Skow, J., CONCUR.
[1] King of the Road is located at 9414 Angola Road, Holland, Ohio, and sells used automobile parts. King of the Road is located approximately 500 yards away from the Mielke Road property, and is separated by several parcels of property owned by other persons.
[2] Gorney testified that the forklift involved in the incident was owned by his wife, Linn Gorney. Gorney further testified that the forklift was brought over from King of the Road to open the gates of the Mielke Road property, and afterwards was to be returned to King of the Road. *Page 1